OECHSLE, APPELLANT, *v.* HART, APPELLEE.

[Cite as Oechsle v. Hart, 12 Ohio St. 2d 29.]

(No. 40576—Decided November 22, 1967.)

Messrs. *Dudnik, Komito, Nurenberg, Plevin, Dempsey &
Jacobson* and Mr. *Maurice Heller,* for appellant.
Messrs. *Arter, Hadden, Wykoff & Van Duzer* and Mr. *Daniel C. Schipfer,* for appellee.

MATTHIAS, J.  The basic question raised by this case is
whether an operator of a motor vehicle is excused from compliance with Sections 4511.25 and 4511.26, Revised Code, relating
to driving on the right side of the road where on an otherwise
dry highway an icy or wet spot causes her car to skid left of
center.

This case once again presents to this court the problem of
the responsibility of a motorist who fails to comply with a
specific safety statute.

During the past few years there has been a growing trend
to impose liability on one whose violation of a specific safety
statute causes an accident due to a self-created emergency. Thus
a defective brake system did not serve to excuse the operator
from liability in the following cases: *Kehrer* v. *McKittrick,* 176
Ohio St. 192; *Kettering* v. *Greene,* 9 Ohio St. 2d 26 (for stop-
sign violations); *Spalding* v. *Waxler,* 2 Ohio St. 2d 1 (for a left-
of-center violation); *Bird* v. *Hart,* 2 Ohio St. 2d 9; *Stump* v.
*Phillians,* 2 Ohio St. 2d 209; *Spalding* v. *Waxler, supra* (for as-
sured-clear-distance violations).

The case most analogous to the case at bar is *Peters* v. *B. &
F. Transfer Co.,* 7 Ohio St. 2d 143. In that case, the plaintiff was
proceeding in a southerly direction upon a straight stretch of
highway when plaintiff suddenly lost control of her vehicle,
went left of center and skidded to a halt straddling the north-
bound lane. One of the defendant's truck drivers proceeding in
the opposite direction was unable to stop, and his truck crash-
ed into plaintiff's car causing the plaintiff serious and per-
manent injuries. There was no evidence to explain the cause of
plaintiff's skid other than a wet or icy spot found in plaintiff's

lane of travel down the road from where plaintiff's car came to a stop.

This court held that plaintiff's violation of Sections 4511.-25 and 4511.26, Revised Code, was not excused by the fact that it may have been caused by a wet or icy spot in plaintiff's lane of travel.

The facts and circumstances of this case differ from the facts and circumstances of the *Peters* case in only three ways—none of which materially affect the outcome.

In *Peters*, it was the plaintiff who came upon the wet or icy spot. In this case, it was the defendant. In *Peters*, the evidence was inconclusive as to the very existence of a wet or icy spot. In this case, there is no quarrel as to whether such a spot existed. Both sides admit that it did. In *Peters*, the accident took place in daylight. In this case, the accident took place in the early evening.

Defendant cites three former decisions of this court in support of her argument that the icy spot on the road excuses her violation of Sections 4511.25 and 4511.26, Revised Code. Those three cases are: *Francis* v. *Bieber,* 10 Ohio St. 2d 65; *Satterthwaite* v. *Morgan,* 141 Ohio St. 447; and *Kohn* v. *B. F. Goodrich Co.,* 139 Ohio St. 141.

Defendant in her own brief adequately distinguishes the difference between two of those cases and the case at bar when she states:

"The single difference between [the] *Satterthwaite* and *Francis* cases and the case at bar is the involvement of a third person *who contributed to initiate the motorist's skid on icy pavement."* (Emphasis supplied.)

In *Francis,* the defendant motorist herself testified that as she started to proceed down an icy hill she saw someone "stepping into my lane waving a flashlight." Upon applying her brakes to avoid hitting that person her car skidded on the ice, and she lost control and slid into plaintiff's car next to which plaintiff was standing. The impact caused the parked car to be thrown against plaintiff—severely injuring him.

The cause of the skid over which defendant had no control was not the icy road, but the person who stepped into the de-

fendant's lane. The jury could well find that the occurrence testified to by defendant created an emergency situation over which the defendant had no control. Submitting the issue of "sudden emergency" to the jury was quite proper under the circumstances of that case.

Likewise, in *Satterthwaite,* where defendant's car skidded at a traffic intersection and crashed head on into plaintiff's vehicle, there was evidence to support defendant's contention that a taxicab suddenly pulled out from the north curb lane into the defendant's line of traffic moving westwardly, and that defendant was forced to apply his brakes and go left of center to avoid hitting the taxi.

In that case, the trial court denied defendant's motion for a directed verdict while allowing a subsequent motion for a directed verdict made by plaintiff. This court held that there was a question of proximate cause upon which reasonable minds could differ and the case was properly one for the jury. Again we have an instance where there is a factor to cause the skid of defendant other than the *sole* factor of icy pavement.

The *Kohn case,* however, does support defendant's contention that the trial court acted properly in this case. In *Kohn,* a wrongful-death action, the defendant truck driver offered no explanation for his failure to remain on the right half of an icy bridge pavement other than:

"Well, I was going along in good shape until some—something struck my left rear wheel, seemed to grab it so that [the] truck swerved out of the right-hand path, went clear across the other side, I cannot say what it was * * *." (See page 144 in the opinion.)

This court reversed a judgment rendered on a jury verdict because the trial court merely charged the jury that violation of Section 6310.17, General Code (analogous to Section 4511.25, Revised Code), constituted negligence per se without explaining what circumstances would constitute a legally sufficient excuse for non-compliance with the statute. Since no evidence of a cause of skidding other than icy pavement was present in the case, the opinion must be read as approval of the theory that a slippery road condition alone could have excused the accident.

This court now believes that the rule of the *Kohn case* is not the better view. *Kohn* v. *B. F. Goodrich Co.*, 139 Ohio St. 141, is therefore, overruled.

The defendant in the instant case relies upon the doctrine of sudden emergency. However, every unexpected occurrence does not constitute a sudden emergency. As was stated in paragraph five of the syllabus of *Spalding* v. *Waxler*, 2 Ohio St. 2d 1:

"An emergency which will relieve a motorist of his duty to comply with a safety statute regulating vehicular traffic must arise as the result of something over which he has no control. A self-created emergency, one arising from the driver's own conduct or from circumstances under his control, cannot serve as an excuse."

Skidding upon wet or icy roadway pavement is a circumstance within the power of motorists to prevent. Bad road conditions, alone, should not excuse a driver from the mandatory requirements of Sections 4511.25 and 4511.26, Revised Code.

It is unquestionably true that under the usual test of foreseeability the holding of defendant responsible for the act of skidding on a random ice patch on an otherwise clear highway is a harsh result. However, the operator of a motor vehicle is responsible for keeping his vehicle under control and on his side of the road. This is true irrespective of the condition of the road. Violation of Sections 4511.25 and 4511.26, Revised Code, is negligence per se. It follows that defendant must bear the loss, for it is her violation of those statutes that caused the loss. *Peters* v. *B. & F. Transfer Co.*, 7 Ohio St. 2d 143. Cf. *Stump* v. *Phillians*, 2 Ohio St. 2d 209.

In the instant case, the trial court's charge dealing with the sudden emergency doctrine reads as follows:

"If you find by a preponderance of the evidence that at the time and place here involved, as defendant operated her automobile westward on Granger Road she suddenly and without fault on her part came upon a patch of ice upon the highway and skidded thereon and that *solely as a result* of skidding on the ice, and not by reason of any misconduct on her part, her automobile was caused to cross the center line of Granger Road and to strike plaintiff's automobile, then your verdict should be for defendant." (Emphasis supplied.)

It was error for the trial court to so charge the jury as the sudden emergency doctrine was not properly in the case, where the *only* justification offered for defendant's driving in the left half—*i. e.*, the "'wrong side'"—of the roadway was that she unexepectedly encountered an isolated patch of ice on an otherwise clear highway.

The judgment of the Court of Appeals is hereby reversed, and the cause is remanded to the Court of Common Pleas for a new trial with instructions to direct a verdict for plaintiff on the issues of negligence and proximate cause and for a determination of the amount of damages.

*Judgment reversed.*

TAFT, C. J., O'NEILL, SCHNEIDER and BROWN, JJ., concur.