NYE et al., Appellants,

v.

FOSTORIA DISTRIBUTION SERVICES COMPANY;
Clark Equipment Company, Appellee.

[Cite as *Nye v. Fostoria Distrib. Serv. Co.* (1992), 78 Ohio App.3d 319.]

Court of Appeals of Ohio,
Seneca County.

No. 13-90-31.

Decided Feb. 14, 1992.

---

*Oxley, Malone, Fitzgerald & Hollister* and *Dennis M. Fitzgerald,* for appellants.

*Lane, Alton & Horst* and *James K. Reuss,* for appellee.

---

THOMAS F. BRYANT, Judge.

This is an appeal by plaintiffs, Thomas E. Nye and Cheryl Nye, from the judgment of the Common Pleas Court of Seneca County entered on a jury's general verdict for defendant, Clark Equipment Company.

In this products liability action, Thomas E. Nye ("Nye") sought to recover for his injuries sustained when he was crushed between the forklift truck he was refueling and another forklift truck operated in reverse by a fellow employee. In 1973, Clark Equipment Company ("Clark") manufactured and sold and Fostoria Distribution Services Company ("Fostoria") acquired from a third party the forklift truck which struck and injured Nye ("the forklift").

Nye's amended complaint alleged Nye's bodily injury and Cheryl Nye's loss of consortium proximately resulted from a design defect of the forklift. The backwardly moving forklift which struck Nye was not equipped with rearview mirrors or visible and/or audible back-up warning devices.

Trial proceeded on Nye's alternate theories of products liability in strict liability, negligence and failure to warn. At Nye's request, the jury was instructed on all three theories of recovery. The jury's verdict for Clark was general, untested by interrogatories.

On appeal, Nye presents three assignments of error:

"The trial court committed reversible error in instructing the jury on intervening, superseding causation.

"The trial court committed reversible error by admitting into evidence a 1988–1989 'Survey of Industry Attitudes of Equipping Industrial Lift Trucks' and the testimony of Walter J. Girardi with regard thereto.

"In contravention of the motion *in limine*, the trial court permitted defense counsel to elicit opinions from a lay witness as to ultimate issues in the case, thereby prejudicing plaintiffs from a fair trial."

Evidence received at trial without objection or contradiction established that prior to Nye's injury, his employer, upon whose premises he was injured, had established and implemented a company policy against the use of rearview mirrors and back-up warning devices on its lift trucks. That company policy required the dismantling and removal of any existing rearview mirrors and back-up warning devices from forklifts then in use. The forklift truck at issue, however, was not manufactured with rearview mirrors or back-up warning devices.

Clark contends here, as at trial, that the implementation of Fostoria's no mirror or back-up warning policy constitutes an intervening or superseding cause relieving Clark of any liability to Nye for negligence or strict liability allegedly inhering in the design of the forklift that injured Nye. At Clark's request, the trial court gave an instruction to the jury about intervening and superseding cause. Nye objected to the giving of the instruction, but here, on appeal, does not contend that the instruction given is an erroneous statement of law. The error here claimed is the giving of instruction on the subject.

The only evidence introduced at trial by Clark concerning intervening and superseding cause was Fostoria's company policy of removing warning devices from forklifts. There was, of course, no evidence that Fostoria removed any warning devices from the particular forklift at issue in this case as it is undisputed that it was manufactured without any such devices.

■ A defense of intervening, superseding causation will defeat a products liability action only where the intervening cause is *"sufficient* to break the chain of causation between an allegedly defectively designed product and a plaintiff's injuries." (Emphasis *sic.*) *R.H. Macy & Co. v. Otis Elevator Co.* (1990), 51 Ohio St.3d 108, 111, 554 N.E.2d 1313, 1316. A defense of intervening, superseding cause cannot be based on mere speculation. The only evidence of intervening, superseding cause introduced by Clark in this case is based on mere speculation.

■ Fostoria's company policy concerning removal of warning devices from forklifts is not a superseding cause. Had the forklift been manufactured and delivered to Fostoria with back-up warning devices, and had Fostoria later removed those devices, then Clark would have a valid defense of intervening,

superseding cause. We hold, as a matter of law, that a company policy which was never acted upon with relation to this forklift cannot be an intervening, superseding cause.

Accordingly, Clark was not entitled to a jury instruction concerning intervening, superseding cause and Nye's objection to that instruction should have been sustained. Nye's first assignment of error is well taken.

Nye's second assignment of error relates to the trial court's admission of a survey and testimony concerning that survey. The survey was conducted by telephone from June 1988 to March 1989 at Clark's request. The survey report states "[t]he purpose of the survey was to determine what the attitudes of employers, utilizing industrial lift trucks in their operation, were with respect to audible and visual warning devices."

Walter Girardi, who conducted the survey, concluded that each company preferred to "decide whether to equip a particular lift truck in their fleet with an audio and/or visual warning device based upon the intended lift truck application." In addition to admitting the survey, the trial court allowed Girardi to testify concerning the survey. The trial court overruled appellants' motion *in limine* and objections made at trial to the survey and Girardi's testimony.

■ Appellee argues that, because appellants failed to state specific grounds for their objection to this evidence, the objection made at trial is not properly preserved for review. That argument is without merit. Even though counsel for appellants did not state specific grounds for his objection to the testimony and survey, he had previously made a motion *in limine* which was argued to the court and overruled. The grounds for his objection were set forth in that motion and his failure to restate those grounds at the time of the objection is of no consequence. Evid.R. 103(A) provides that the specific ground for objection should be stated "if the specific ground was not apparent from the context[.]" The specific ground for this objection was clearly apparent from the context.

■ All relevant evidence is generally admissible pursuant to Evid.R. 402. "Relevant evidence" is defined in Evid.R. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The survey and testimony of Girardi has no tendency to make the existence of any fact that is of consequence to the determination of this case more probable or less probable than it would be without the evidence. The question to be decided by the trier of fact was whether Clark was liable for injuries and

damages proximately caused by a defect in the design of its forklift which existed when it left Clark's possession when the forklift was used in an intended or reasonably foreseeable manner. *Leichtamer v. Am. Motors Corp.* (1981), 67 Ohio St.2d 456, 21 O.O.3d 285, 424 N.E.2d 568; and *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

A survey conducted in 1988 and 1989 and testimony relating thereto of "the attitudes of employers" as to warning devices on forklifts has no relevancy to this forklift which was manufactured in 1973 and caused injury in 1984. Furthermore, this survey has no tendency to prove or disprove whether this particular forklift was defectively designed and whether such allegedly defective design was the proximate cause of Nye's injuries. Accordingly, this evidence is irrelevant and should not have been admitted by the trial court.

We further hold that the survey is inadmissible hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Girardi conducted the survey by telephoning various businesses which utilize forklifts in their operations and asking to speak to "the one individual who would be most knowledgeable with regards to the company's fleet of industrial trucks." Girardi had no personal knowledge of the matters about which he questioned the participants in the survey.

The survey is simply a compilation of hearsay and was offered to prove the truth of the matter asserted. Admission of the survey and Girardi's testimony in relation thereto was error prejudicial to appellants.

Appellants' second assignment of error is well taken.

In their third assignment of error, appellants claim that the trial court erred in permitting appellee's counsel to elicit a lay opinion from Jeanne Risner as to ultimate issues in the case in contravention of a motion *in limine* granted by the trial court. The matter assigned as error results from an objection made and sustained and an admonition by curative instruction. This evidence is cumulative because it was already admitted through the testimony of Thomas Boersma previously objected to and overruled but not assigned as error on this appeal. We decline to address issues not assigned as error. Any error in admitting Risner's testimony in this regard was harmless.

Appellants' third assignment of error is not well taken.

The court having found error prejudicial to appellants as assigned and argued, the judgment of the Common Pleas Court of Seneca County is

reversed and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS and SHAW, JJ., concur.