The STATE of Ohio, Appellee,

v.

LUNSFORD, Appellant.

[Cite as *State v. Lunsford* (1997), 118 Ohio App.3d 380.]

Court of Appeals of Ohio,
Twelfth District, Preble County.

No. CA96–09–016.

Decided Feb. 24, 1997.

*John L. Petry*, Eaton City Prosecutor, for appellee.

*Roger D. Staton*, for appellant.

---

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Tod A. Lunsford, appeals an Eaton Municipal Court decision finding him guilty of failing to maintain reasonable control of his vehicle in violation of R.C. 4511.202. In two assignments of error, Lunsford complains that the trial court erred in denying his Crim.R. 29 motion for acquittal and in finding him guilty of the charged offense.

At about 6:40 a.m. on March 20, 1996, Lunsford was involved in an automobile collision with Jack C. Nickell on State Route 122. Ohio State Patrol Sergeant Hargis F. Short arrived at the accident scene at 7:19 a.m. Sergeant Short subsequently issued Lunsford a citation for failing to maintain control of his vehicle. The matter was tried before the bench on September 24, 1996. The trial court found Lunsford guilty as charged.

Under his first assignment of error, Lunsford complains that the trial court erred in failing to grant his Crim.R. 29 motion for acquittal. Under his second assignment of error, Lunsford argues that his conviction was against the manifest weight of the evidence. This court will consider both assignments of error together.

R.C. 4511.202 provides that "[n]o person shall operate a motor vehicle * * * on any street [or] highway * * * without being in reasonable control of the vehicle * * *." In reviewing both the weight and sufficiency of the evidence, the same test is applied: The trial court's decision "will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts." *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503.

Nickell and Sergeant Short both testified at Lunsford's trial. Nickell explained that he was traveling west on State Route 122 when he noticed Lunsford's vehicle traveling in the opposite direction. The road was covered with snow and ice, and no lane markings were visible. There was, however, sufficient room for two vehicles to pass. Nickell said he saw Lunsford's vehicle make a "little jerking motion" and then move directly into his lane of travel. Moments later, Nickell turned his wheel to the left to avoid a collision. He said that the vehicles collided near the center of the road and came to rest in the eastbound lane. Photographs of the vehicles after the accident clearly indicate that the front end of Nickell's vehicle struck the left side of Lunsford's vehicle.

When Sergeant Short arrived, the vehicles were on the edge of the road in the eastbound lane. Sergeant Short said that he determined from tracks in the snow that Nickell's vehicle had crossed out of its lane before the collision. Sergeant Short also testified "that from what I saw on the roadway that [Lunsford] had been out of control on the other side of the roadway and swerved back."

Lunsford initially argues that when "a police officer does not witness an automobile collision and has no independent, credible and self-perceived evidence showing how the collision occurred, any citation or warrantless arrest is invalid." Lunsford is correct that a law enforcement officer may not arrest someone for a misdemeanor if the officer did not observe the offense. See *State v. Mathews* (1976), 46 Ohio St.2d 72, 75–76, 75 O.O.2d 150, 152, 346 N.E.2d 151, 153–154. The Ohio Supreme Court, however, has unambiguously rejected the proposition that receipt of a traffic citation is the functional equivalent of an arrest. *State v. Darrah* (1980), 64 Ohio St.2d 22, 27, 18 O.O.3d 193, 196, 412 N.E.2d 1328, 1331. As long as there was some evidence to support a citation for failure to maintain reasonable control, the citation was proper. After reviewing the record, this

court concludes that there was sufficient evidence supporting the officer's decision to issue a citation.

Lunsford argues that his conviction was against the manifest weight of the evidence. This court disagrees. Nickell testified that Lunsford's vehicle made a "little jerking motion" and then moved directly into his path. Nickell's credibility was a question for the trial court. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 367, 227 N.E.2d 212, 213. That Lunsford's vehicle was struck broadside is additional evidence that he did not have control of his vehicle. "Skidding upon wet or icy roadway pavement is a circumstance within the power of motorists to prevent." *Oechsle v. Hart* (1967), 12 Ohio St.2d 29, 34, 41 O.O.2d 215, 218, 231 N.E.2d 306, 310 (bad road conditions, alone, will not excuse a driver from the requirements of R.C. 4511.25 and 4511.26). "The operator of a motor vehicle is responsible for keeping his vehicle under control and on his side of the road. This is true irrespective of the condition of the road." *Id.* The trial court's finding that Lunsford did not maintain reasonable control of his vehicle was not against the manifest weight of the evidence.

Lunsford also complains that the trial court improperly allowed Sergeant Short to offer an expert opinion about the movement of the two vehicles immediately after the collision. Even if this court found that Sergeant Short's testimony in that regard was improper, there was no prejudicial error. The trial court concluded that Lunsford lost control of his vehicle based upon Nickell's testimony that Lunsford's vehicle crossed out of its lane. Sergeant Short's testimony about the movement of the vehicles after the collision was inconsequential.

After a complete review of the record, this court holds that there was substantial, credible evidence upon which the trial court could conclude that Lunsford did not maintain reasonable control of his vehicle. Lunsford's two assignments of error are overruled.

*Judgment affirmed.*

WALSH, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

The state introduced sufficient evidence to survive appellant's Crim.R. 29 motion; however, a review of the record herein discloses appellee's failure to establish its case beyond a reasonable doubt. In a civil action, appellee could

possibly prove its case by a preponderance of the evidence, but in this cause it fails to carry its burden of proof to the degree required in this traffic matter.

The officers involved did not observe the commission of the alleged traffic accident. Even the testimony of the prosecuting witness shows only that appellant at one point of time was unavoidably in the wrong lane of traffic, but was in his proper lane when the vehicles collided. The evidence establishes that the truck operated by the prosecuting witness turned in and struck appellant's car in appellant's lane of traffic.

Although appellate courts generally are obligated to respect the trial court's factual findings on appeal, this court may find that the trial court's findings were not supported by substantial credible evidence. Accordingly, I would find that appellee failed to prove its case beyond a reasonable doubt, and therefore I respectfully dissent. The record supports the reversal of the trial court, and, pursuant to App.R. 12(B), appellant should be discharged.