Please note: We have sua sponte removed this case from the accelerated calendar.
 OPINION.
On February 10, 1994, defendant-appellee, Kellie E. Sucher, was heading toward her morning classes at Miami University. She travelled westbound on Interstate 275, having come from her home in Clermont County, Ohio. Sucher drove in the high-speed lane as she passed the intersection of Interstate 275 and Interstate 75 in the northern part of Hamilton County, Ohio. Suddenly and without warning, Sucher's vehicle began to spin out on ice, rotating clockwise one-hundred-and-eighty degrees before coming to a stop. Sucher's vehicle then faced eastbound in the westbound high-speed lane.
Seconds later, plaintiff-appellant, Katherine E. Falgner, who was travelling approximately three car lengths behind Sucher, was unable to stop her vehicle before colliding with the front end of Sucher's vehicle. The vehicle travelling behind Falgner, driven by defendant Vickie E. Hollon, ran into the back end of Falgner's vehicle.
Despite relatively minor damage to Sucher's vehicle, Falgner's vehicle sustained heavy damage and had to be towed from the scene. Falgner and her passenger, Peggy Ritter, were picked up by a friend and subsequently went to the hospital.
Falgner filed suit against Sucher, claiming damages from Sucher's negligent driving.[1] The case was tried in April 1999, and the jury returned a verdict in favor of Sucher. Falgner, after the trial court denied her new-trial motion, appealed to this court.
Falgner raises four assignments of error. In her first, she claims that the trial court erred when it denied her motions for a directed verdict on the issue of Sucher's negligence. According to Falgner, the violation of motor-vehicle-safety statutes is negligence per se. Since Sucher's testimony and other evidence suggested that Sucher may have violated one or more motor-vehicle-safety statutes, Falgner believes she was entitled to a directed verdict. We disagree.
A motion for a directed verdict should be granted when reasonable minds can reach only one conclusion when construing the evidence in a light most favorable to the nonmoving party. SeeZiegler v. Wendel Poultry Serv., Inc. (1993), 67 Ohio St.3d 10,12-13, 615 N.E.2d 1022, 1026. The violation of a specific motor-vehicle-safety statute is negligence per se, unless the violation of that statute is excused as a result of a sudden emergency arising out of an event over which the driver had no control. See Spalding v. Waxler (1955), 2 Ohio St.2d 1,205 N.E.2d 890; Fitas v. Estate of Baldridge (1995), 102 Ohio App.3d 365,657 N.E.2d 323; Hangen v. Hadfield (1935), 135 Ohio St. 281,20 N.E.2d 715. However, "a collision between motor vehicles does not establish a violation of [a statute] in every case."Ziegler, 67 Ohio St.3d at 12, 615 N.E.2d at 1026. Evidence must be presented to establish the violation. See id., citingTomlinson v. Cincinnati (1983), 4 Ohio St.3d 66, 69,446 N.E.2d 454, 456. The final determination of whether the statute was violated must be made by the trier of fact. See id.
The evidence in this case reveals that Sucher unexpectedly lost control of her vehicle when she ran over a patch of unseen ice on the roadway. Although having spun one-hundred-and-eighty degrees, Sucher was then able to brake and come to a stop; however, she was then facing eastbound in a westbound lane. Falgner, who was immediately behind Sucher, then downshifted and braked, but the ice on the roadway prevented her from stopping or swerving to avoid striking Sucher's vehicle. The evidence in the record suggests that both parties were negligent per se for violating motor-vehicle-safety statutes: Sucher for failing to maintain reasonable control, slow speed, and, possibly, failing to comply with the lanes-of-travel-upon-roadways statute; and Falgner for failing to maintain an assured clear distance ahead.[2]
"Where the plaintiff driver is travelling immediately behind the defendant driver, and both parties are negligent per se for failing to [comply with motor-vehicle-safety statutes], the question of whether the negligence of either party was the proximate cause of the ensuing collision, in which the plaintiff driver sustained personal injuries, is for jury determination."Shinaver v. Szymanski (1984), 14 Ohio St.3d 51, 471 N.E.2d 477, paragraph one of the syllabus; see, also, Junge v. Brothers
(1985), 16 Ohio St.3d 1, 475 N.E.2d 1271; Didier v. Johns (1996),114 Ohio App.3d 746, 684 N.E.2d 337. Therefore, we hold that a directed verdict for Falgner, determining that Sucher's violation of one or more motor-vehicle-safety statutes proximately caused Falgner's injuries, would have been improper. The trial court, therefore, properly overruled Falgner's motions for a directed verdict. Falgner's first assignment of error is overruled.
In Falgner's second assignment of error, she claims that the trial court erred when it failed to instruct the jury that the presence of ice on the roadway did not excuse a violation by Sucher of various motor-vehicle-safety statutes. If a requested jury instruction is an accurate statement of law and where reasonable minds might reach the conclusion sought by the instruction, the instruction should be given. See Murphy v.Carrolton Mfg. Co. (1991), 61 Ohio St.3d 585, 591, 575 N.E.2d 828,832.
"Skidding upon wet or icy roadway pavement is a circumstance within the power of motorists to prevent." Oechsle v. Hart
(1967), 12 Ohio St.2d 29, 34, 231 N.E.2d 306, 310 (holding that road conditions do not excuse violations of R.C. 4511.25 and 4511.26). "The operator of a motor vehicle is responsible for keeping his vehicle under control * * * irrespective of the condition of the road." Id.; see, also, State v. Lundsford
(1997), 118 Ohio App.3d 380, 692 N.E.2d 1078 (applying the rationale of Oechsle, supra, to R.C. 4511.202). Falgner asked the court to instruct the jury that the presence of ice upon the roadway was not an excuse for failing to maintain reasonable control of one's vehicle. Since it was possible that the jury could have found that the presence of ice on the roadway may have excused an alleged violation by Sucher of a motor-vehicle-safety statute, the requested instruction should have been given. Falgner's second assignment of error is, therefore, sustained.
In Falgner's third assignment of error, she claims that the trial court erred when it excluded from evidence a proposed exhibit that included climatological data from the date of the accident, because it was admissible under Evid.R. 803(8). Falgner sought to introduce this exhibit in rebuttal to the testimony of defense witness Vickie Hollon, who testified that the berm into which Falgner had claimed to have driven was blocked by snow. Falgner argues that the climatological data would have presented evidence of temperature and precipitation, including snowfall, which would have demonstrated that there was no snow on the berm at the time of the accident.
Falgner is correct that, as an exception to the hearsay rule, Evid.R. 803(8) allows for the admissibility of public records without further authentication. Despite this, in order to be admissible, evidence must be relevant to a determination of the issues. See Evid.R. 401 and 402. The climatological data sought to be introduced concerned only the area in and around Lunken Airport and not the area in and around the scene of the accident. Additionally, the climatological data contained information from the month of January 1994 only, not for February 10, 1994, the date of the accident. Because the data were not relevant to a determination of the issues in this case, the trial court's exclusion of the data was not an abuse of discretion. See Evid.R. 402; Nye v. Fostoria Distrib. Serv. Co. (1992), 78 Ohio App.3d 319,604 N.E.2d 795.
Additionally, the trial court controls the mode and order of interrogation of witnesses and the presentation of evidence. See Evid.R. 611. The admission of evidence is a matter left to the discretion of the trial court and will not be reversed absent an abuse of that discretion. See Moore v. Retter (1991), 72 Ohio App.3d 167,594 N.E.2d 122. In this case, the climatological data may have been appropriate material for cross-examination of Vickie Hollon; however, Falgner sought to introduce this data as rebuttal to Sucher's case-in-chief. Since the evidence was improper rebuttal evidence, the trial court's decision to exclude the data was not an abuse of discretion. See id. Therefore, we overrule the third assignment of error.
In Falgner's fourth assignment of error, she claims that the trial court erred when it failed to grant her motion for a new trial. Falgner claims that she was entitled to a new trial on the following grounds: (1) that the judgment was not sustained by the weight of the evidence; (2) that the judgment was contrary to law; and (3) that there was an error of law at trial that was brought to the attention of the trial court. See Civ.R. 59(A)(6), 59(A)(7), and 59(A)(9).
The decision of whether to grant a motion for a new trial based upon a judgment that is against the manifest weight of the evidence is left to the discretion of the trial court. See Antalv. Olde Worlde Prod., Inc. (1984), 9 Ohio St.3d 144,459 N.E.2d 223. So long as there is competent, credible evidence to support the judgment, the decision to deny the motion will not be reversed. See Nursing Staff of Cincinnati, Inc. v. Sherman
(1984), 13 Ohio App.3d 328, 469 N.E.2d 1031; see, also, Rohde v.Farmer (1970), 23 Ohio St.2d 82, 262 N.E.2d 685, paragraph three of the syllabus. Based upon the evidence presented and the state of this record, we cannot say that the trial court abused its discretion in denying the new-trial motion on the basis that the judgment was contrary to the manifest weight of the evidence.
Civ.R. 59(A)(7) allows for a new trial if the judgment was contrary to law. Falgner contends that because violations of motor-vehicle-safety statutes are negligence per se, she was entitled to a new trial on that issue. As we stated earlier in this Opinion, the violation of motor-vehicle-safety statutes, while negligence per se, does not automatically translate into liability for Sucher under the facts of this case. Therefore, the trial court correctly denied Falgner's motion on this basis.
Finally, Falgner claims that Civ.R. 59(A)(9) mandated a new trial when the trial court committed an error of law. As we determined in sustaining the second assignment of error, the trial court erred in failing to instruct the jury that the presence of ice upon the roadway did not excuse a violation of a motor-vehicle-safety statute. Since the failure to give this instruction was an error of law, the trial court abused its discretion when it failed to grant the new-trial motion. Falgner's fourth assignment of error is, therefore, sustained.
Therefore, the judgment is reversed, and this cause is remanded to the trial court for further proceedings consistent with the law and with this Opinion.
DOAN, J., concurs.
HILDEBRANDT, P.J., dissents.
[1] Falgner also filed suit against defendant Vickie E. Hollon; however, that suit settled prior to trial and she is not a party to this appeal.
[2] Falgner argues that Sucher, too, violated the assured-clear-distance-ahead statute; however, the evidence demonstrated that Sucher was able to bring her vehicle to a complete stop without striking anyone ahead of her. Thus, the elements required to prove that Sucher violated the assured-clear-distance-ahead statute are not supported by the evidence. See Cincinnati v. Robben (1982), 8 Ohio App.3d 203,456 N.E.2d 1255.