[Cite as *State v. Thomas*, 2014-Ohio-319.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13 CAC 05 0039 |
| RYAN J. THOMAS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Delaware
Municipal Court, Case No. 13 TRD 02895

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 29, 2014

APPEARANCES:

For Plaintiff-Appellee

ELIZABETH A. MATUNE
Assistant Prosecuting Attorney
Delaware City Prosecutor
70 North Union Street
Delaware, OH 43015

For Defendant-Appellant

J. MICHAEL REIDENBACH
WILLIAM THOMAS
163 North Sandusky Street
Delaware, OH 43015

*Gwin, P.J.*

{¶1} Appellant Ryan J. Thomas ["Thomas"] appeals his conviction and sentence for one count of operation without maintain reasonable control in violation of R.C. 4511.02 after a bench trial in the Delaware County Municipal Court.

***Facts and Procedural History***

{¶2} On March 6, 2013, Thomas was driving his pickup truck with a front snowplow northbound on State Route 257, a two-lane road, at approximately 3:00 am. It was snowing and there was heavy snow on the roads. Thomas was working as part of his business of snow removal services. Due to the conditions, Thomas was travelling between 25 mph and 30 mph in a speed zone marked 55 mph. Thomas was in control of his truck at this time. While traveling northbound, a southbound dump truck with an oversized plow was "encroaching" Thomas's lane of travel. Thomas moved to the right of his lane of travel with two of the truck's tires going off the road onto the grass. After the other snowplow had passed, Thomas attempted to turn left to reenter his lane of travel; he crossed over the centerline of the roadway, travelled across the lane designated for oncoming traffic, went off the road, down an embankment and collided with a tree.

{¶3} Shortly thereafter, State Highway Patrol Trooper Steven M. Schemine noticed taillights "sticking up out of the ditch." Trooper Schemine approached Thomas's vehicle and proceeded to interview Thomas and investigate the scene. Thomas stated he "overcorrected" and went off the left side of the road. Further, Thomas wrote in his statement he had "over [compensated]." Trooper Schemine issued a citation for violation of R.C. 4511.202.

{¶4} On April 2, 2013, a bench trial was held before the Delaware County Municipal Court. Trooper Schemine and Thomas were the only witnesses. Thomas hand written account of the events as given to Trooper Schemine the night of the incident was admitted into evidence.

{¶5} After hearing testimony from Trooper Schemine and Thomas, the trial court found Thomas guilty. Thomas subsequently filed a motion for a new trial pursuant to Crim. R. 33(A)(4) and (5), which was denied.

### Assignments of Error

{¶6} Thomas raises three assignments of error,

{¶7} "I. THE EVIDENCE WAS NOT LEGALLY SUFFICIENT TO SUPPORT A GUILTY VERDICT AS THE STATE FAILED TO PROVE EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT.

{¶8} "II. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE ACCIDENT WAS CAUSED BY A SUDDEN EMERGENCY.

{¶9} "III. TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR A NEW TRIAL."

### Analysis

{¶10} Thomas' first, second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together. All of Thomas' assignments contend that Thomas was confronted by a sudden emergency not of his making and beyond his control. As such, his conviction is against the manifest weight and sufficiency of the evidence.

{¶11} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239–Ohio–1017, ¶ 146; *State v. Clay*, 187 Ohio App.3d 633, 2010-Ohio-2720, 933 N.E.2d 296 (5th Dist.)–Ohio–2720, ¶ 68.

{¶12} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) at 1594.

{¶13} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting

testimony. Id. at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

* * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶14} R.C. 4511.202, Operation without reasonable control provides,

(A) No person shall operate a motor vehicle, trackless trolley, streetcar, agricultural tractor, or agricultural tractor that is towing, pulling, or otherwise drawing a unit of farm machinery on any street, highway, or

property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, streetcar, agricultural tractor, or unit of farm machinery.

**{¶15}** The "ordinary standard of negligence" provides "the requisite proof of culpability within * * * [the] ordinance." *State v. Lett*, 5th Dist. Ashland No. 02COA049, 2002-Ohio-3366, ¶12 (construing analogous city ordinance), *citing State v. Jones* 10th Dist. Franklin  No. 88AP-920, 1989 WL 43286(Apr. 25, 1989). As the Court of Appeals for the Fourth District has observed,

> Simply put, motor vehicle operators must keep their vehicles under control and on their own side of the roadway. See *State v. Lunsford* (1987), 118 Ohio App.3d 380, 383, 692 N.E.2d 1078; *also see Oechsle v. Hart* (1967), 12 Ohio St.2d 29, 34, 231 N.E.2d 306. There is no question that Davis failed to meet that obligation. By her own admission, Davis swerved the bus to the right and into a ditch, brought the bus back onto the road, and veered across the road through the other lane of travel into an adjacent field and rolled the bus. This evidence sufficiently establishes that Davis failed to maintain reasonable control of her vehicle.

*State v. Davis,* 4th Dist. Pickaway No. 04CA1, 2004 WL 2390013(Oct. 21, 2004), ¶11.

**{¶16}** In *Oechsle*, the defendant's car skidded on an icy or wet spot on the pavement and went left of center, striking another vehicle. The Supreme Court noted that a showing by a motorist that he was a victim of a sudden emergency would excuse his failure to comply with the statute in question. 12 Ohio St.2d at 34, 231 N.E.2d 306. However, the Court noted,

As was stated in paragraph five of the syllabus of *Spalding v. Waxler,* 2 Ohio St.2d 1, 205 N.E.2d 890:

'An emergency which will relieve a motorist of his duty to comply with a safety statute regulating vehicular traffic must arise as the result of something over which he has no control. A self-created emergency, one arising from the driver's own conduct or from circumstances under his control, cannot serve as an excuse.'

Skidding upon wet or icy roadway pavement is a circumstance within the power of motorists to prevent. Bad road conditions, alone, should not excuse a driver from the mandatory requirements of Sections 4511.25 [Lanes of travel upon roadways] and 4511.26 [Vehicles traveling in opposite directions], Revised Code.

\* \* \*

However, the operator of a motor vehicle is responsible for keeping his vehicle under control and on his side of the road. This is true irrespective of the condition of the road. Violation of Sections 4511.25 and 4511.26, Revised Code, is negligence per se. It follows that defendant must bear the loss, for it is her violation of those statutes that caused the loss. *Peters v. B. & F. Transfer Co.*, 7 Ohio St.2d 143, 219 N.E.2d 27. Cf. *Stump v. Phillians*, 2 Ohio St.2d 209, 207 N.E.2d 762.

*Oechsle*, 12 Ohio St.2d at 34, 231 N.E.2d 306. The *Oechsle* Court concluded,

It was error for the trial court to so charge the jury as the sudden emergency doctrine was not properly in the case, where the only

justification offered for defendant's driving in the left half-i. e., the 'wrong side'-of the roadway was that she unexpectedly encountered an isolated patch of ice on an otherwise clear highway.

*Oechsle*, 12 Ohio St.2d at 35, 231 N.E.2d 306.

{¶17} In the case at bar, the evidence established that Thomas was aware of the snowy conditions on the roadway and was proceeding without incident or difficulty. He moved to the right side of the road without difficulty to allow the other snowplow additional room. After the other vehicle had passed, Thomas brought his truck back onto the roadway and veered into the oncoming lane and subsequently off the road and into the embankment.

{¶18} Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Thomas committed the crime of operating his vehicle without reasonable control in violation of R.C. 4511.202. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support Thomas' conviction.

{¶19} Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai,* 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, ¶31, *quoting State v. Woullard,* 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist. 2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is

not our province to choose which one we believe." *State v. Dyke,* 7th Dist. Mahoning No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

{¶20} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

{¶21} Although Thomas testified and argued that the he lost control as a result of a "sudden emergency" and that he misspoke when he told Trooper Schemine and wrote in his statement the night of the incident that he "overcompensated" while attempting to get back onto the roadway, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). The judge as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the [trier of fact] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) *citing State*

*v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the [trier of fact] need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, supra.

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.
>
> * * *
>
> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978).

{¶22} In *Cross v. Ledford,* 161 Ohio St. 469, 477, 120 N.E. 2d 118 (1954), the Supreme Court further cautioned,

> The mere number of witnesses, who may support a claim of one or the other of the parties to an action, is not to be taken as a basis for

resolving disputed facts. The degree of proof required is determined by

the impression which the testimony of the witnesses makes upon the trier

of facts, and the character of the testimony itself. Credibility, intelligence,

freedom from bias or prejudice, opportunity to be informed, the disposition

to tell the truth or otherwise, and the probability or improbability of the

statements made, are all tests of testimonial value. *Where the evidence is*

*in conflict, the trier of facts may determine what should be accepted as the*

*truth and what should be rejected as false.* See *Rice v. City of Cleveland*,

114 Ohio St. 299, 58 N.E.2d 768.

161 Ohio St. at 477-478. (Emphasis added).

A fundamental premise of our criminal trial system is that "the [*trier*

*of fact*] is the lie detector." *United States v. Barnard,* 490 F.2d 907, 912

(9th Cir. 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct.

1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of

witness testimony, therefore, has long been held to be the "part of every

case [that] belongs to the [trier of fact], who [is] presumed to be fitted for it

by [his] natural intelligence and their practical knowledge of men and the

ways of men." *Aetna Life Ins. Co. v. Ward,* 140 U.S. 76, 88, 11 S.Ct. 720,

724-725, 35 L.Ed. 371 (1891).

*United States v. Scheffer* (1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267(1997).

**{¶23}** We find that this is not an "'exceptional case in which the evidence weighs

heavily against the conviction.'" *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541,

*quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The judge neither lost his way nor created a miscarriage of justice in convicting Thomas of the charge.

**{¶24}** Based upon the foregoing and the entire record in this matter, we find Thomas' conviction was not against the sufficiency or the manifest weight of the evidence. To the contrary, the judge appears to have fairly and impartially decided the matters before him. The judge as a trier of fact can reach different conclusions concerning the credibility of the testimony of the officer and Thomas. This court will not disturb the judge's finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The judge heard the witnesses, evaluated the evidence, and was convinced of Thomas' guilt.

**{¶25}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime beyond a reasonable doubt.

**{¶26}** As Thomas' conviction was not against the manifest weight or the sufficiency of the evidence, the trial court correctly overruled Thomas' motion for a new trial.

**{¶27}** Thomas' first, second and third assignments of error are overruled in their entirety, and the judgment of the Delaware Municipal Court is affirmed.


By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur