[Cite as *Cincinnati Ins. Co. v. Kesner*, 2018-Ohio-2883.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CINCINNATI INSURANCE CO., | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2018-01-020 |
| | : | O P I N I O N |
| - vs - | | 7/23/2018 |
| | : | |
| PARON KESNER, JR., | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-09-1928


Thomas K. McMackin, P.O. Box 145496, Cincinnati, Ohio 45250-5496, for plaintiff-appellant

John M. Holcomb, 322 High Street, Hamilton, Ohio 45011, for defendant-appellee


**RINGLAND, J.**

{¶ 1}  Plaintiff-appellant, Cincinnati Insurance Co. ("CIC"), appeals the decision of the Butler County Court of Common Pleas, granting defendant-appellee, Paron Kesner Jr., relief from a default judgment.

{¶ 2}  This case arose from an automobile accident in which a vehicle driven by Kesner crossed the center line of a roadway and struck an automobile driven by Dan Doyle. Doyle sustained serious injuries and incurred substantial medical bills in excess of his policy

limits. CIC paid Doyle pursuant to his policy coverage limit for uninsured motorist coverage and became subrogated to Doyle's rights.

{¶ 3} CIC filed a complaint on September 6, 2016 alleging Kesner negligently operated the vehicle causing the accident and Doyle's injuries. The complaint sought to recover $262,555.81, which CIC paid to Doyle as a result of the accident. Kesner did not answer the complaint and, on December 22, 2016, CIC moved for default judgment. The trial court denied this motion. CIC supplemented its motion with an affidavit from a claims specialist and the trial court entered default judgment on March 3, 2017. On September 9, 2017, Kesner moved for relief from this judgment pursuant to Civ.R. 60(B).

{¶ 4} Kesner averred that he was employed as a mechanic at Midwest Custom Paint at the time of the accident. The vehicle he operated during the accident was a customer's vehicle he was test driving following the completion of an engine replacement. Kesner believed the vehicle to be safe and roadworthy. While test driving the vehicle, "the steering suddenly and unexpectedly locked up, causing the vehicle to travel left-of-center into the path of a vehicle operated by Dan Doyle." On October 12, 2016, Kesner received a summons and a copy of the complaint by ordinary mail. Kesner presented the summons and complaint "to Anton [last name unknown]." Kesner believed Anton to be a co-owner of Midwest Custom Paint. Anton informed Kesner, "[d]on't worry, we'll take care of it." Kesner interpreted this statement "to be a representation that the claim would be handled by Midwest Custom [Paint's] liability insurance company." After several months, Kesner became aware of the default judgment and filed his motion pursuant to Civ.R. 60(B).

{¶ 5} The trial court granted Kesner's motion for relief from the default judgment and certified its entry as a final appealable order pursuant to Civ.R. 54. The trial court found Kesner's failure to timely answer the complaint constituted excusable neglect. The trial court further found Kesner presented a possible meritorious defense pursuant to the sudden

emergency doctrine. CIC appeals the trial court's decision granting Kesner's motion for relief from judgment.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPEL[LANT] IN ACCEPTING INADMISSIBLE HEARSAY TO ESTABLISH A MATERIAL ELEMENT OF DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT.

{¶ 8} CIC asserts the trial court erred in accepting inadmissible hearsay statements material to establishing Kesner's claim of excusable neglect. CIC argues it objected to the statements and the trial court did not fully address the objection. Rather, the trial court prejudiced CIC by relying on the statements in its finding of excusable neglect.

{¶ 9} Civ.R. 60(B) governs motions for relief from judgment and provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or *excusable neglect*; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

(Emphasis added.)

{¶ 10} To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47

Ohio St. 2d 146 (1976), paragraph two of the syllabus. Failing to meet any one of these three factors is fatal, for all three must be satisfied in order to gain relief. *First Fin. Bank, N.A. v. Grimes*, 12th Dist. Butler No. CA2010-10-268, 2011-Ohio-3907, ¶ 14.

{¶ 11} The decision to grant or deny a Civ.R. 60(B) motion lies in the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 14, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} Pursuant to Evid.R. 801(C), "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Further, "[a] witness is barred on hearsay grounds from testifying as to the statements made by another only when the statement is offered to prove the truth of the matter asserted in the statement, and only where the statement falls outside any exceptions to the rule against hearsay as set forth in, *e.g.*, Evid.R. 803 and 804." *State v. Carter*, 72 Ohio St.3d 545, 549 (1995). A statement which explains the actions of a person to whom the statement was made, and is offered to show why the person acted in a particular manner rather than to prove the truth of the statement, is not hearsay. *State v. Maurer*, 15 Ohio St.3d 239, 262-64 (1984).

{¶ 13} CIC contends the trial court abused its discretion in relying on the following averments to make its excusable neglect finding:

> 11. I immediately presented the Summons and a copy of the Complaint to Anton [last name unknown], whom I understood to be the co-owner of Midwest Custom Paint.
>
> 12. And upon receiving the Summons and copy of the Complaint, Anton replied "Don't worry, we'll take care of it." I took this to be

- 4 -

a representation that the claim would be handled by Midwest Custom [Paint's] liability insurance company.

Specifically, CIC takes issue with the trial court's reliance on Anton's statement and claims it is inadmissible hearsay not within an exception.

{¶ 14} Contrary to CIC's assertion otherwise, we find Anton's statement is not hearsay because it was not offered to prove the truth of the matter asserted. Rather, Kesner offered the statement to demonstrate the effect it had on him and to explain his inaction with respect to answering CIC's complaint. *See id.* at 264. Thus, the statement was offered to show Kesner's interpretation that he need not take any further action in the case, as opposed to being offered to prove that Anton or Midwest Custom Paint would in fact handle the matter from there on forward.

{¶ 15} Accordingly, the trial court did not abuse its discretion in relying on the statement and CIC's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED AS A MATTER OF LAW, AND TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT, IN HOLDING THAT A MECHANIC WHO IS OPERATING A MOTOR VEHICLE THAT MALFUNCTIONS MECHANICALLY CAN CLAIM THE DEFENSE OF "SUDDEN EMERGENCY" BECAUSE THE INSTRUMENT OF THE EMERGENCY CANNOT BE UNDER THE CONTROL OF THE PERSON CLAIMING THE DEFENSE.

{¶ 18} CIC contends the trial court erred as a matter of law in finding Kesner presented a meritorious defense pursuant to the sudden emergency doctrine. Specifically, CIC asserts the defense is inapplicable because Kesner (1) was an expert mechanic, in control of the vehicle that caused the sudden emergency, and (2) the emergency was caused by a mechanical failure in the car that Kesner worked on as a mechanic.

{¶ 19}   The trial court found Kesner presented a meritorious defense pursuant to the sudden emergency doctrine.  To prevail on a motion pursuant to Civ.R. 60(B), a movant need not prove that a claim or defense will actually prevail.  *Ross Chevrolet v. Adams*, 36 Ohio St.3d 17, 20 (1988).  Rather, the movant's burden is to demonstrate the existence of a meritorious claim or defense by alleging operative facts with enough specificity to permit the trial court to determine whether the movant's asserted claim or defense could be successfully argued at trial.  *Id.* at 20-21.

{¶ 20}   Kesner concedes in his affidavit that he travelled left of center and struck Doyle's vehicle.  R.C. 4511.25(A) governs the lanes of travel upon roadways and provides, in pertinent part, that "[u]pon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway * * *."  The statute further provides certain exceptions inapplicable to this case.  R.C. 4511.25(A)(1)-(5).  The Ohio Supreme Court has held that R.C. 4511.25 imposes "a mandatory duty upon a motorist to drive solely upon the right half of a roadway except under specifically designated circumstances, and an unexcused failure to comply with that duty constitutes negligence per se."  *Zehe v. Falkner*, 26 Ohio St.2d 258 (1971), paragraph one of the syllabus, citing *Oechsle v. Hart*, 12 Ohio St.2d 29 (1967).  As mentioned above, Kesner concedes that he went left of center and therefore violated R.C. 4511.25.  However, Kesner argues that he had a valid excuse for the violation.

{¶ 21}   To constitute a legal excuse for failure to comply with a safety statute, a motorist must show that something over which he had no control, or an emergency not of his making, made it impossible for him to comply with the statute.  *Spalding v. Waxler*, 2 Ohio St.2d 1, 4-5 (1965).  "[E]very unexpected occurrence does not constitute a sudden emergency."  *Oechsle* at 34.  A self-created emergency, one arising from the driver's own conduct or from circumstances under his control, cannot serve as an excuse.  *Spalding* at 6.

{¶ 22}   CIC asserts our opinion in *Franklin v. Stamper*, 12th Dist. Butler No. CA85-10-119, 1986 Ohio App. LEXIS 7758, (Aug. 4, 1986), is dispositive of the issue of whether Kesner presented a meritorious defense in his Civ.R. 60(B) motion.  In *Franklin*, a motorist travelled left of center and struck another vehicle.  *Id.* at *2.  The motorist was forced to slam on his brakes to avoid a front-end collision when another driver suddenly swerved into his lane.  *Id.*  After hitting the brakes, the motorist's car malfunctioned and travelled across the line in the center of the roadway causing a collision with another vehicle.  *Id.*  The motorist argued that he travelled left of center because of an internal mechanical problem, but for whose presence, the accident would not have occurred.  *Id.* at *9-10.  We held that the motorist was responsible for the maintenance and repair of his motor vehicle.  *Id.* at *10.  Thus, the emergency was under the motorist's control, and therefore, the motorist could not avail himself of the sudden emergency defense.  *Id.* at *11.

{¶ 23}   Ohio Supreme Court precedent is consistent with our opinion in *Franklin* with respect to other motor vehicle mechanical failures, operator failures, and weather conditions, causing a sudden emergency.  *Moore v. Siebelt*, 6 Ohio St.2d 115, 116 (1966) (holding tire failure cannot serve as a legal excuse for failing to comply with assured-clear-distance-ahead statute); *Zehe* at paragraph four of the syllabus (holding sudden emergency defense was unavailable to a motorist who misjudged the amount time he had to pass another vehicle); *Oechsle* at 34 (finding an icy patch on the road is foreseeable and a motorist must operate a vehicle at a speed appropriate for the weather).

{¶ 24}   However, each of the above instances involved a vehicle driven by a regular operator or owner of the vehicle.  In this case, Kesner was neither a regular operator nor an owner of the vehicle involved in the collision.  Rather, Kesner merely performed mechanical work on the vehicle's engine within the scope of his employment.  Kesner did not perform any mechanical work to any other part of the vehicle, namely, the mechanism responsible for

controlling the steering of the vehicle. Further, Kesner believed the vehicle was safe and roadworthy. Thus, while a regular operator or owner of a motor vehicle is charged with the maintenance and repair of said vehicle, Kesner, as a mechanic who does not regularly operate or own the vehicle, would have no knowledge of any steering-related issues with the vehicle.

{¶ 25} As mentioned above, Kesner's burden was not to prove that the sudden emergency defense will actually prevail. Rather, Kesner was required to set forth operative facts to permit the trial court to determine whether he asserted a defense that could be successfully argued at trial. We find Kesner met this burden by setting forth operative facts that permitted the trial court to determine whether the emergency was self-created, and thus, whether the sudden emergency doctrine could be successfully argued at trial. Therefore, we find the trial court did not abuse its discretion in granting Kesner's motion for relief from judgment.

{¶ 26} Accordingly, CIC's second assignment of error is overruled and the judgment of the trial court is affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.