ZIMMERMAN, PLAINTIFF, *v.* ROCKFORD STONE COMPANY, INC., DEFENDANT.

Common Pleas Court, Van Wert County.

No. 21797. Decided February 1, 1963.

48

*Messrs. Durbin, Navarre, Rizor & DaPore*, for plaintiff.
*Messrs. Short & Purdy*, for defendant.

McNEILL, J. This matter was heard upon the defendant's motion to dismiss the plaintiff's petition because the court lacks jurisdiction. The pleadings show the plaintiff was a resident of Lima, Ohio; the defendant Rockford Stone Company offices are in Rockford, Ohio; and that the defendant was served in Mercer County, Ohio. There is no dispute that these towns lie outside of Van Wert County, and are in Allen County and Mercer County, respectively.

The petition alleges that the accident occurred when the defendant missed a stop sign while driving south on what is known as the Alspach Road, in Van Wert County, which road becomes the Black Creek and Dublin Township Road in Mercer County; and that defendant thereupon struck the plaintiff who was driving east upon the Van Wert-Mercer County Line Road.

Section 4515.01, Revised Code, provides that an action against the operator of a motor vehicle may be brought by the person injured in the county in which *"said injury occurs."* This is a special jurisdiction statute and cannot be enlarged beyond its terms, even though the actual negligence may have occurred in one county and resulted in an injury in another. Thus, the matters turns upon whether the accident occurred within Van Wert County.

It is generally held that the law will take judicial notice of geographical locations. *Dean* v. *State*, 107 Atl. (2d), 88; *Brown Express Company* v. *Dieckman*, 344 S. W. (2d), 501;

*Motors Ins. Corp.* v. *Lipford*, 250 S. W. (2d), 79; *Fidelity & Casualty Co. of New York* v. *Branton*, 70 S. W. (2d), 780; *Grosc* v. *Bredthauer*, 284 N. W., 869; *Noland Company, Inc.* v. *Laxton Construction Company*, 92 S. E. (2d), 398.

This is the rule followed in Ohio. *Thomas & Greiner* v. *Forest City Bank*, 4 O. D. Rep., 38; *International Brotherhood of Firemen & Oilers, Local Union No. 49* v. *The Cincinnati Gas & Electric Company, and The City of Cincinnati*, 33 Ohio Opinions, 99; *City of Cincinnati* v. *Faig*, 145 N. E. (2d), 563.

Many states have held that the court will take judicial notice of the geographical limits of its jurisdiction. *Harrison* v. *Abington*, 215 S. W., 255; *Ward* v. *Janney*, 16 So., 73; *Knapp* v. *Josephine County*, 235 P. (2d), 564; *Miller & Lux, Inc.* v. *Board of Sup'rs. of Merged County*, 258 P. (2d), 570; *Allen* v. *Gilkison*, 132 N. E., 12; *Pruitt* v. *Sebastian County Coal & Mining Co.*, 222 S. W. (2d), 50.

The latter rule is consistent with the Ohio general holdings and the Court feels that this rule should be applied.

The plaintiff must be presumed to be driving properly, which would place him on the right side, or south side of the road. The Court takes judicial notice that the south side of the road on which he was driving and was injured does not lie within the geographical limits of Van Wert County.

Even though the Court is required to take judicial notice, the rules are universal that the court in taking judicial notice may seek sources of information to assist him. Wigmore on Evidence, 3rd Ed. Vol. 9, P., 530, §2568 A. In doing so, the Court has ascertained from the records of the Van Wert County Engineer that all posts and monuments of the county are, for all practical purposes, in the center of said road, there not being more than an inch or two variance between the center line of the road and the true county line, and that the eastbound lane is not in Van Wert County. Thus, is is apparent that the injury occurred in Mercer County.

The taking of judicial notice in situations such as this is discretionary with the court. 21 Ohio Jurisprudence (2d), Evidence, Section 23. However, it is apparent that no good purpose would be served, not to do so. The defendant has properly and seasonably filed his motion. The statute of limita-

50

tion has not expired upon the plaintiff's claim, and the ruling at this time gives plaintiff adequate opportunity to file the case in the proper county. If the court delays the ruling on the matter until trial, plaintiff may find himself beyond the statute of limitations.

There is no doubt that defendant resides in Mercer County and proper jurisdiction may be therein obtained, regardless of the special venue statute.

A Journal Entry may be prepared and submitted in accordance herewith.