DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Circleville Municipal Court judgment of conviction and sentence. The court, after a bench trial, found Lani J. Davis, the defendant below and appellant herein, guilty of failure to control a motor vehicle in violation of R.C. 4511.202.
 {¶ 2} Appellant appeals the judgment and assigns the following errors for review:
i. First Assignment of Error:
ii. "Did the trial court commit prejudicial error when it denied appellant's motion for new trial?"
iii. Second Assignment of Error:
iv. "Did the trial court commit prejudicial error when it took judicial notice of geographical conditions?"
v. Third Assignment of Error:
vi. "Did the trial court commit prejudicial error when it took judicial notice of the stopping distance of a bus?"
vii. Fourth Assignment of Error:
viii. "Did the trial court commit prejudicial error because its calculations were erroneous and/or not relevant?"
ix. Fifth Assignment of Error:
x. "Did appellant suffer from ineffective assistance of counsel?"
xi. Sixth Assignment of Error:
xii. "Was the evidence legally sufficient to support the decision and/or was the decision sustained by the manifest weight of the evidence?"
 {¶ 3} On the morning of September 30, 2003, Davis drove a school bus south on Morris Leist Road when she lost control, left the roadway and the bus overturned. Davis received a minor misdemeanor offense citation for her failure to maintain reasonable control over the bus.
 {¶ 4} At trial, Davis testified that as the bus neared the crest of a hill, an oncoming car appeared in her lane of travel. Davis stated that she swerved to avoid the car and, in the process, lost control of the bus. One of the students on the bus the morning of the incident, Michael Eisman, corroborated Davis's version of the events. Also, Logan Elm Transportation Director Chuck Arledge testified that the bus video recorder shows a car passing the bus at approximately the same time that the bus started to veer off the road.
 {¶ 5} The trial court judge viewed the same tape, however, and concluded that the bus did not pass a vehicle at the time that Davis began to lose control. Further, several prosecution witnesses testified that they were in the vicinity of the bus on Morris Leist Road at the time of the accident and that they observed no car or other obstruction in the path of the bus.
 {¶ 6} On October 22, 2003, the trial court found Davis guilty. The court noted, among other things, that the videotape did not establish the existence of an oncoming car in the bus's lane of travel. Thus, in light of the fact that Davis lost control of the bus, and considering that she had not proven her defense of sudden emergency, the court concluded that Davis failed to maintain reasonable control of the bus in violation of R.C. 4511.202. The court issued a $100 fine.
 {¶ 7} Davis retained new counsel and, on November 3, 2003, filed a motion for new trial. Davis's motion argued "irregularity in the proceeding/abuse of discretion," ineffective assistance of counsel and insufficiency of evidence. Davis also requested an extension of time to present evidence in support of her new trial motion.
 {¶ 8} On November 5, 2003, the trial court denied Davis's request for a new trial. The court noted that "no legitimate reason to re-litigate this matter" and further observed that appellant's ineffective assistance of trial counsel argument was "ludicrous." This appeal followed.
 1. I {¶ 9} We first address Davis's sixth assignment of error that insufficient evidence exists to support her conviction and that her conviction is against the manifest weight of the evidence. These are separate arguments and we must address them individually.[2]
 {¶ 10} When courts evaluate an insufficiency of the evidence claim, appellate courts must construe the evidence adduced at trial in a light most favorable to the prosecution. State v.Hill (1996), 75 Ohio St.3d 195, 205, 661 N.E.2d 1068; State v.Grant (1993), 67 Ohio St.3d 465, 477, 620 N.E.2d 50. The relevant inquiry is whether a trier of fact could find the essential elements of the crime beyond a reasonable doubt. SeeState v. Jones (2001), 91 Ohio St.3d 335, 345, 744 N.E.2d 1163. Criminal convictions should not be overturned on the basis of evidence insufficiency unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Tibbetts
(2001), 92 Ohio St.3d 146, 162, 749 N.E.2d 226. With this in mind, we turn our attention to the evidence adduced in the case sub judice.
 {¶ 11} R.C. 4511.202 provides that "[n]o person shall operate a motor vehicle . . . on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle . . ." Simply put, motor vehicle operators must keep their vehicles under control and on their own side of the roadway. See State v. Lunsford (1987), 118 Ohio App.3d 380,383, 692 N.E.2d 1078; also see Oechsle v. Hart (1967),12 Ohio St.2d 29, 34, 231 N.E.2d 306. There is no question that Davis failed to meet that obligation. By her own admission, Davis swerved the bus to the right and into a ditch, brought the bus back onto the road, and veered across the road through the other lane of travel into an adjacent field and rolled the bus. This evidence sufficiently establishes that Davis failed to maintain reasonable control of her vehicle.
 {¶ 12} The more difficult issue, however, lies in the Davis's second contention that her conviction is against the manifest weight of the evidence. When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the conviction must not be overturned unless it is obvious that the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Garrow (1995), 103 Ohio App.3d 368,370-371, 659 N.E.2d 814.
 {¶ 13} With respect to conflicting evidence, we note that the weight of the evidence and the credibility of the witnesses are issues that must be resolved by the trier of fact. See State v.Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763; State v.Frazier (1995), 73 Ohio St.3d 323, 339, 652 N.E.2d 1000. The trier of fact is free to believe all, part or none of the testimony of each witness who appears before it. See State v.Long (1998), 127 Ohio App.3d 328, 335, 713 N.E.2d 1; State v.Nichols (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80.
 {¶ 14} The defense argued at trial and argues on appeal that Davis simply responded to a sudden emergency. In other words, Davis asserts that when she neared the crest of a hill on Morris Leist Road, another vehicle suddenly appeared in the bus's lane of travel. Consequently, Davis had to swerve the bus in order to avoid a collision.
 {¶ 15} We agree with Davis that under Ohio law, a driver may, under circumstances, avoid a violation of a traffic statute that regulates the operation of motor vehicles if the motorist can show that something over which she had no control, or an emergency not of her own making, made it impossible to comply with the statute's requirements. For example, a driver proceeding lawfully in her lane of travel, suddenly struck by a motorist that ignored a stop sign, and as a result of the collision forced to veer or travel to the left of the center line should not be held to have violated the driving left of center statute. The problem with Davis's argument in the instant case, however, is that the trial court was not persuaded that she proved the existence of a sudden emergency.
 {¶ 16} We acknowledge that Davis and Eisman both testified that a vehicle appeared in the bus's lane of travel immediately prior to the accident. The prosecution, however, produced several witnesses to contradict that version of the facts. William Waidelich stated that he was driving south on Morris Leist Road two cars behind the bus and that he observed the bus veer to the right, then slide to the left and eventually "roll on its side." Waidelich could not recall a vehicle or other obstruction that would have caused the bus to swerve and leave the roadway. Tammy Eisenhouer testified that she was driving north on Morris Leist Road (toward the bus) when she observed the bus swerve and leave the road. Eisenhouer stated that she did not see any other vehicle in the "vicinity" of the bus at that time. The trial court obviously found the testimony provided by Waidelich and Eisenhour to be credible and this determination is well within the trier of fact's province.
 {¶ 17} We recognize that witness testimony was not the only evidence in this case. Arledge testified that the bus video tape shows a vehicle passing the bus at the time of the accident. The trial court concluded, however, that it did not observe a vehicle on the tape. Davis argues in her brief that it is an "abuse of discretion for the court to find no passing vehicle" and that the rest of the court's decision "is flawed because it is based upon that mistake." We are not persuaded.[3]
 {¶ 18} We have also viewed the exhibit (the bus videotape) and find it, at best, inconclusive. The picture is grainy, and although shadows can be seen in the bus windows, we agree with the trial court that it is impossible to discern whether a vehicle passed the bus at the time the bus began to veer. Moreover, even if we assume that a shadow appears when the bus begins to veer, it is not clear that this is another car or something else on or near the roadway. Further, and most important, even if we assume that the shadow is a car, this does not establish that the car was in the bus's lane of travel and caused Davis to swerve the bus in order to avoid an accident. The other vehicle could have been entirely within the north lane of travel and, for some other reason, appellant lost control of the bus.
 {¶ 19} Davis also points to evidence that the edge or shoulder of the roadway began to crumble when she drove onto the shoulder and that this contributed to the accident. While we do not necessarily dispute Davis's view that this could have contributed to the accident, the fact remains that Davis should not have been driving on the roadway's shoulder. Davis again asserts that she drove over the edge and onto the shoulder to avoid colliding with an oncoming car. The trial court, however, concluded that no oncoming car existed.[4]
 {¶ 20} For these reasons, we conclude that Davis's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Accordingly, we hereby overrule Davis's sixth assignment of error.
 1. II {¶ 21} We turn now to Davis's second assignment of error that the trial court erred by taking judicial notice of the geography of Morris Leist Road and in basing its judgment, in part, on its knowledge of the topography of the area where the accident occurred.[5] Davis further points out that she testified that her evasive action occurred on the upward slope of the road and prior to the time the bus could have crested the hill, thus the area's topography actually has no bearing on the outcome of this matter.
 {¶ 22} Trial courts are generally permitted to take judicial notice of any geographic facts that are common knowledge within its jurisdiction. State v. Scott (1965), 3 Ohio App.2d 239,242, 210 N.E.2d 289; Zimmerman v. Rockford Stone Co. (C.P. 1963), 93 Ohio Law Abs. 47, 48-49, 196 N.E.2d 474; 42 Ohio Jurisprudence 3d (2003) 238, Evidence and Witnesses, § 46. The topography and layout of Morris Leist Road is just such a fact. Moreover, from our review of the evidence adduced at trial, it appears that all of the parties (including the witnesses, counsel and the trial court judge) were familiar with this area. We find no error in the trial court's taking judicial notice of the geography of the roadway.
 {¶ 23} Davis counters that even if the trial court could take judicial notice of the roadway, it cannot use this to contradict her testimony that she could not see a car in her lane of travel until she was at the top of the hill. We disagree. First, Davis cites no authority to support her proposition that a judicially noticed fact cannot be used to contradict witness testimony and we have found none in our own research. We are also not persuaded that such a principle is judicially sound. In any event, it is clear that in the case at bar the trial court did not rely solely on its knowledge of the area. In the same factual finding in which the court cited its own "familiarity with Morris-Leist Road," it also cited "States [sic] Exhibits 11 and 12 and Defense Exhibit B-1" as support for its conclusion. Thus, assuming arguendo that the court improperly took judicial notice of local geography, it is obvious that this did not constitute the sole basis for the court's decision. Rather, the trial court also cited exhibits introduced into evidence by each party.
 {¶ 24} Finally, we note that this issue is largely superfluous. Although Davis claimed that she swerved to avoid an oncoming car, and that she could not see that car until it was almost upon her, the court rejected her evidence and claim that an oncoming car suddenly appeared in her lane of travel. Thus, whether appellant had an unobstructed view of Morris Leist Road from the site of the accident is irrelevant.
 {¶ 25} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's second assignment of error.
 1. III {¶ 26} We now jointly consider Davis's third and fourth assignments of error because they raise similar issues.
 {¶ 27} Davis argues that the trial court erred when it took judicial notice of the "stopping distance of a bus." The basis for this argument is that portion of the judgment that states "[t]he National Highway Traffic Safety Administration requires that school buses currently meet Federal Motor Vehicle Safety Standards which at Sections 105 and 121 currently require a fully loaded school bus to stop within 280 feet." Davis is correct that the trial court did not precisely specify the origin of these figures. We assume these figures came from Table II at Section 571.21, Title 49, C.F.R. To whatever extent it was relevant in making its decision, we find no error in the court's reference to federal guidelines in determining whether appellant behaved reasonably. Davis further asserts that the trial court improperly applied that table and erred in its mathematical speed, distance and stopping calculations. We need not address those alleged errors, however, because we believe that this issue is irrelevant for the same reason the trial court's concern with the exact topography of Morris Leist Road is irrelevant.[6]
 {¶ 28} R.C. 4511.202 required Davis to maintain reasonable control over the bus. If she drove too fast to maintain control or if her attention was diverted from the roadway and that is why the bus overturned, then she violated the law. We note, however, that the authorities did not charge Davis with driving above a posted speed limit or driving at a speed unreasonable for the road conditions. Thus, Davis's exact speed is irrelevant. Although the speed that the bus traveled could have contributed to the accident, the failure to control violation does not require proof of excessive speed. Consequently, Davis failed to control the bus and this constitutes a R.C. 4511.202 violation.
 {¶ 29} Accordingly, based upon the foregoing reasons we overrule appellant's third and fourth assignments of error.
 1. IV {¶ 30} Davis contends in her fifth assignment of error that she received ineffective assistance from her trial counsel.
 {¶ 31} Our analysis begins from the premise that in order to obtain a reversal of a conviction on the grounds of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674; also see State v. Issa (2001),93 Ohio St.3d 49, 67, 752 N.E.2d 904. Both prongs of this test need not be analyzed if a claim can be resolved under only one of them. State v. Madrigal (2000), 87 Ohio St.3d 378, 389,721 N.E.2d 52. Thus, if a claim can be resolved because a defendant has not established prejudice, that course of action should be followed. State v. Loza (1994), 71 Ohio St.3d 61, 83,641 N.E.2d 1082. With this standard in mind, we turn our attention to the specific instances of alleged ineffective representation.
 {¶ 32} First, Davis claims that her counsel was ineffective because he failed to enhance the bus videotape. She claims that, "when slowed down, frame by frame, [the videotape] absolutely
shows a car passing the bus at the crucial time." (Emphasis added.) However, as we noted infra, we have reviewed that tape and cannot discern whether a vehicle passed the bus. Additionally, we once again note that even if a vehicle did in fact pass the bus, we find nothing in the video tape to indicate whether the vehicle was in the bus's lane of travel and thereby prompted Davis to swerve.
 {¶ 33} Because no "enhanced" version of the videotape currently exists, it is difficult for us to perceive or to speculate how the tape would have aided Davis's defense. We note that courts have repeatedly held that under the Strickland test, prejudice will not be implied. State v. Wilburn (Oct. 2, 1998), Lawrence App. No. 97CA53; State v. Kuntz (Feb. 26, 1992), Ross App. No. 1691. Without some affirmative demonstration that an enhanced version of the videotape shows a vehicle passing the bus, and without a definitive showing that the vehicle was positioned in Davis's lane of travel prior to her veering off the roadway, it is speculative to assert that an enhanced video would have had any effect on the outcome of the proceeding.
 {¶ 34} Davis also argues that her trial counsel was ineffective because he called only one of the students (Eisman) to "confirm the existence of the passing car." She asserts that this point was crucial to her defense and that "[e]ffective counsel would have over-killed the point." (Emphasis added.) We disagree.
 {¶ 35} First, nothing in the record establishes that other students could have testified to the existence of the passing car. Thus, much like the issue of the enhanced videotape, this argument rests upon speculation. Second, even if other witnesses do exist, we are not persuaded that "effective counsel" would "over-kill the issue" or that counsel would have even been permitted to "over-kill" the issue.
 {¶ 36} This choice of evidence presentation appears to be trial counsel's tactical decision. Appellate courts do not typically question or review tactical decisions when considering ineffective assistance of counsel claims. State v. Powers,
Pickaway App. No. 03CA21, 2004-Ohio-2720, at ¶ 14; State v.Sears (Mar. 26, 1993), Washington App. No. 92CA5.
 {¶ 37} Davis's next claim is that counsel failed to argue "the proper standard of care." Davis does not cite to any mistake of her trial counsel, but instead points to a part of the judgment in which she argues that the trial court used the wrong standard. Assuming what Davis says is true, this is an error on the part of the trial court, not ineffective trial counsel representation. We fail to see how trial counsel can be held responsible for an alleged mistake that the trial court committed in its judgment of conviction and sentence issued after the conclusion of the trial. Perhaps a better course of action would have been to assign this issue in her appeal as a separate error.
 {¶ 38} The final two alleged instances of ineffective assistance are trial counsel's alleged failure to (1) ask her the speed at which she was driving and (2) to emphasize the "road edge that collapsed" as a defense. We find no merit in these issues.
 {¶ 39} The defense theory of this case was that Davis swerved to avoid colliding with an oncoming car that appeared in her lane of travel. Counsel's decision to focus on this issue to the exclusion of questions about speed or a "collapsing road edge" are tactical decisions that we will not review in hindsight.
 {¶ 40} Accordingly, based upon the foregoing reasons we hereby overrule appellant's fifth assignment of error.
 1. V {¶ 41} We now consider the first assignment of error that the trial court erred by overruling her motion for new trial.
 {¶ 42} Initially, we note that trial courts have broad discretion to determine whether motions for new trial merit an evidentiary hearing. State v. Tomlinson (1997),125 Ohio App.3d 13,19,707 N.E.2d 955;State v. Wells (Aug. 23, 1995), Scioto App. No. 94CA2255. Furthermore, the decision to grant or to deny a motion for a new trial is committed to the sound discretion of the trial court. State v. LaMar (2002), 95 Ohio St.3d 181, 201,767 N.E.2d 166. Appellate courts should not reverse a trial court's decision on these matters absent an abuse of discretion.
LaMar, 95 Ohio St.3d at 201; State v. Schiebel (1990),55 Ohio St.3d 71, 76, 564 N.E.2d 54. We note that an abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Herring (2002), 94 Ohio St.3d 246,255, 762 N.E.2d 940.
Moreover, an abuse of discretion means that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but, instead, passion or bias. Nakoff v.Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1.
Appellate courts must not simply substitute their judgment on matters that involve a trial court's exercise of discretion. Inre Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301. With this standard in mind, we turn our attention to the motion for a new trial.
 {¶ 43} We note that Davis's reasons for requesting a new trial are virtually identical to the issues that she raised in the instant appeal: (1) the trial court erred in considering the federal safety regulations for stopping a bus; (2) the court made an incorrect calculation of the bus's speed; (3) the court improperly took judicial notice of the layout of Morris Leist Road; (4) Davis received ineffective assistance of counsel (for the same reasons set out in her fifth assignment of error); and (5) and the judgment is not supported by sufficient evidence. We have previously, and individually, considered all of these arguments and found them to be without merit. Thus, for those same reasons, we conclude that the trial court did not abuse its discretion in denying Davis's motion for new trial.
 {¶ 44} Davis also asserts that the trial court erred in denying her motion without affording her an extension of time to present additional facts. In particular, Davis contends that the trial court should have allowed her more time to present (1) an enhanced version of the videotape "to show the court that it was wrong when it found no car was passing the bus" and (2) additional affidavits by more students that a car passed the bus. We find no merit in these arguments.
 {¶ 45} As we have stated several times, we have viewed the video tape and we are not persuaded that it yields the evidence that Davis claims. Davis claimed that she swerved to avoid colliding with a car in her lane of travel. We again note that even if the tape did show a passing car, we are not persuaded that this would establish a defense to the charge. In other words, even if a car did exist, that does establish that the car traveled in Davis's lane of travel and caused a sudden emergency. The passing car may well have been in its own lane of travel and Davis swerved for some other unexplained reason.
 {¶ 46} Davis's assertions regarding the affidavits are equally unavailing. First, we find no indication that additional affidavits could have been procured. Second, even if additional evidence could have been submitted, this evidence was simply cumulative of Davis's and Eisman's testimony. A trial court's function is to evaluate the evidence, not to simply tally the number of witnesses on each side of the issue and base its decision on mere numerical strength.
 {¶ 47} Davis also points to a portion of the record in which the trial court asked the bus superintendent to provide information on the "bus stopping distance." Apparently the superintendent did not provide the information and Davis asserts that to decide this case without it constitutes error. We disagree. As we have stated several times in this decision, the defense theory is that Davis swerved to miss an oncoming car. The trial court found no evidence of any such car. Thus, the stopping distance of the bus is largely irrelevant. The fact remains that Davis failed to maintain control over the vehicle and no evidence of a sudden emergency excused her compliance with R.C. 4511.202.
 {¶ 48} For all these reasons, we find that the trial court did not abuse its discretion by overruling Davis's motion for new trial and we hereby overrule her first assignment of error.
 {¶ 49} Having reviewed all the errors assigned and argued in the briefs, and having found merit in none of them, we hereby affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.
If a stay of execution of sentence has been previously granted, it is continued for a period of sixty days. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. *Milligan, J.: Concur in Judgment Opinion
[2] A sufficiency of the evidence challenge is separate and distinct from a claim that the conviction is against the manifest weight of the evidence. See State v. Johnson (2000),88 Ohio St.3d 95, 112, 723 N.E.2d 1054; State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541, at paragraph two of the syllabus; State v. Schaim (1992), 65 Ohio St.3d 51, 53, 600 N.E.2d 661, at fn. 1.
[3] We note that the trial court's factual findings concerning the presence of a vehicle on the tape would generally be subject to a "weight of the evidence" standard of review rather than the "abuse of discretion" standard of review.
[4] We note that bad road conditions do not necessarily excuse drivers from complying with highway safety regulations. Oechslev. Hart (1967), 12 Ohio St.2d 29, 34, 231 N.E.2d 306. The Ohio Supreme court wote in Oechsle that, under the usual test of foreseeability, it would be a "harsh result" to hold a motorist responsible for skidding on a random patch of ice on an otherwise clear highway. but, the court held, a motorist "is responsible for keeping [her] vehicle under control and on [her] side of the road. This is true irrespective of the condition of the road." (Emphasis added.) Id. The same principle applies here. A shoulder of a roadway may present a less than perfect surface for operating motor vehicle. Thus, Davis should have kept the bus off the shoulder. The only reason for Davis to be on the shoulder would have been to avoid hitting an oncoming car. Of course, the trial court determined that another vehicle did not cause the appellant to veer off the roadway.
[5] the precise comment to which Davis objects is found on pages two and three of the decision and reads: "The court notesfrom its familiarity with the Morris-Leist Road, that, from the point of the crest of the slight hill viewing south bound, the view from an automobile is relatively clear, straight and relatively unencumbered. Hence, from the elevated seating postrue of a school bus, the court cannot conceive of why an attentive driver would not see an approaching northbound vehicle well in advance of its coming into the immediate vicinity of the bus.The court utilizes States Exhibit 11 and 12 and Defense ExhibitB-1 as examples of the view." (Emphasis added.)
[6] We note that Davis even suggests in her fourth assignment of error that the court's calculations are irrelevant.