DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallipolis Municipal Court judgment of conviction and sentence. After a bench trial, the Court found Donald E. Johnson, II, the defendant below and the appellant herein, guilty of petty theft in violation of Gallipolis City Ordinance No. 545.05.
 {¶ 2} The following errors are assigned for review:
First assignment of error:
"The trial court erred to the substantial prejudice of appellant by finding appellant guilty of petty theft, as the conviction was not supported by sufficient evidence."
Second assignment of error:
"The trial court erred to the substantial prejudice of appellant by finding appellant guilty of petty theft, as the conviction was against the manifest weight of the evidence."
 {¶ 3} A September 12, 2003 criminal complaint alleged that the appellant and another party attempted to shoplift five DVDs, 3 video cassettes, socks and two pairs of pants from a WalMart store in Gallipolis.[1] The value of the merchandise totalled $158.83. Appellant pled not guilty and the court scheduled a May 21, 2004 bench trial.
 {¶ 4} At trial, the city's sole witness, Jim Stover, testified that he worked "loss prevention" at the Gallipolis WalMart. Stover related that on the day in question, he patrolled the store and observed the appellant and his aunt take several items from the electronics department and put them into a shopping cart. The two suspects then moved to "men's wear" where they selected several more items. Stover followed and eventually observed Hupp hand several items to the appellant. Stover observed the appellant use a knife to remove the merchandise's "gator tags".[2] Appellant then handed the items to his aunt, who placed them in a large purse or diaper bag. Hupp later paid for groceries that she purchased at the store, but did not pay for the items in her purse. Hupp attempted to leave the store without paying for those items before she and the appellant were apprehended.
 {¶ 5} The defense argued that Hupp acted alone in the petty theft and that her nephew had nothing to do with the incident. Hupp testified that she alone attempted to take the items in question and that the appellant was not with her until she left the store. Appellant testified that while he was in WalMart with his aunt, he spent most of the time wandering around the store with two friends and that he had nothing to do with the shoplifting.
 {¶ 6} The trial court found the appellant guilty of petty theft, sentenced him to one hundred eighty days in jail (with all but three of those days suspended), fined him $50 and ordered that he serve one year of probation. This appeal followed.
 I {¶ 7} Appellant asserts in his first assignment of error that his conviction is not supported by sufficient evidence. We disagree. In a review for sufficiency, an appellate court must construe the evidence in a light most favorable to the prosecution. State v. Hill (1996), 75 Ohio St.3d 195, 205,661 N.E.2d 1068; State v. Grant (1993), 67 Ohio St.3d 465, 477,620 N.E.2d 50. The relevant inquiry is whether, after viewing the evidence so construed, any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Fears (1999), 86 Ohio St.3d 329, 341,715 N.E.2d 136; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, at paragraph two of the syllabus. In the case sub judice, we conclude that sufficient evidence was adduced in this case to support the trial court's decision to find the appellant guilty of petty theft.
 {¶ 8} Gallipolis City Ordinance No. 545(A)(1)-(3) provides, in part, that no person (with purpose to deprive the owner of property) shall knowingly "obtain or exert control" over property without the consent of the owner, beyond the scope of the express/implied consent of the owner or by deception. No question exists in this case that the stolen property was found in the appellant's aunt's possession. Nevertheless, Stover testified that he observed the appellant use a knife to remove the "gator tags" security devices before he handed the items to his aunt, who then placed them in her bag. This testimony is sufficient for the trial court to find that the appellant and his aunt acted in concert to deprive Walmart of its property.
 {¶ 9} Appellant counters by citing Stover's comments that he generally does not stop someone who was simply complicit in a shoplifting. Any reliance on this testimony is misplaced, however, because the witness simply represented a general shoplifting policy of Walmart. The witness did not construe the Gallipolis City ordinance, which is sufficiently broad to cover this type of activity.
 {¶ 10} Moreover, we agree with the trial court that the removal of the "gator tags" with the apparent knowledge of the purposes of the tags' removal does support a violation of the ordinance. Given that these were security devices put on items to guard against theft, the appellant's action to remove the tags, while the items were still in the store, extended beyond the express or implied scope of his authority as a Walmart customer. Appellant argues that the removal of the "gator tags," with nothing more, does not constitute the crime of petty theft. Under a different set of circumstances, we might be inclined to agree with that contention. For example, if a suspect inadvertently removed the tags and did not help to steal the items, a different outcome may result. However, in light of what Stover observed concerning the appellant's involvement with his aunt, it is clear that his removal of the "gator tags" was part of a plan "with purpose to deprive" WalMart of its property.
 {¶ 11} For these reasons, we believe that the trial court could reasonably have found all the essential elements of this crime to have been proven beyond a reasonable doubt. Accordingly we hereby overrule the appellant's first assignment of error.
 II {¶ 12} Appellant argues in his second assignment that the trial court's judgment is against the manifest weight of the evidence. Again, we disagree.
 {¶ 13} We note that generally, a criminal conviction cannot be reversed on a manifest weight of the evidence claim unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Earle (1997), 120 Ohio App.3d 457, 473, 698 N.E.2d 440; Statev. Garrow (1995), 103 Ohio App.3d 368, 370-371; 659 N.E.2d 814;State v. Davis (1988), 49 Ohio App.3d 109, 113, 550 N.E.2d 966.
 {¶ 14} Appellant argues that the trial court lost its way in this case because (1) both he and his aunt testified that he did not participate in the shoplifting, and (2) part of Stover's trial testimony was inconsistent with a written statement that he previously made regarding the incident. Appellant concludes that in view of the contradictions between Stover's testimony and earlier statement, and in view of the consistency in his and his aunt's testimony, the court should have discounted the prosecution's evidence and accepted the defense's theory of this case. We are not persuaded.
 {¶ 15} Any inconsistencies in Stover's trial testimony and a prior written statement goes to the issue of credibility and weight of the evidence. These are issues to be resolved by the trier of fact. State v. Dye (1998), 82 Ohio St.3d 323, 329,695 N.E.2d 763; State v. Frazier (1995), 73 Ohio St.3d 323, 339,652 N.E.2d 1000. The trial court, as the trier of fact, is free to believe all, part or none of the testimony of each witness who appeared before it. State v. Long (1998), 127 Ohio App.3d 328,335, 713 N.E.2d 1; State v. Davis, Pickaway App. No. 04CA1,2004-Ohio-5680, at ¶ 13. The trial court in the case sub judice heard the evidence and apparently opted to believe the prosecution's version of the facts despite any inconsistency between Stover's testimony and his prior written statements. We find no error in that determination. Apparently, Stover was determined to be a more credible witness. When assessing the weight and credibility of witness testimony, a trier of fact must consider relationships between the parties and their interests, if any, in the outcome of the case. See State v. Chism (1993),92 Ohio App.3d 317, 322-323, 635 N.E.2d 54; State v. McKinney
(Jun. 12, 1997), Highland App. No. 96CA914. With that in mind, the trial court may well have discounted the appellant's testimony as self-serving and his aunt's testimony as offered to help her nephew. In the end, the trial court was in a much better position to view the witnesses and observe their gestures and voice inflections, and to use those observations to weigh witness credibility. See Myers v. Garson (1993), 66 Ohio St.3d 610,615, 614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Appellate courts should not second-guess a trier of fact's determination on those issues.
 {¶ 16} For these reasons, we hereby overrule the appellant's second assignment of error and we hereby affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion
[1] The other party was identified as Alfreda Hupp, the appellant's aunt. Hupp was charged with petty theft as a result of this incident, pled guilty and apparently received "six days house arrest."
[2] Stover explained that a "gator tag" is a security device that activates the "AS" Security System when someone tries to remove an item from WalMart.