[Cite as *State v. Gabriel*, 2014-Ohio-5387.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 14CA0005-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| SPENCER GABRIEL | WADSWORTH MUNICIPAL COURT |
| | COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 13TRD05275-A |

DECISION AND JOURNAL ENTRY

Dated: December 8, 2014

MOORE, Judge.

{¶1} Defendant-Appellant, Spencer Gabriel, appeals from the December 4, 2013 judgment entry of the Wadsworth Municipal Court. We affirm.

I.

{¶2} In the early morning hours of October 16, 2013, Trooper Daniel Jones happened upon a vehicle in a ditch alongside State Road in Medina County. At that time, Trooper Jones saw Mr. Gabriel walking in the roadway. Mr. Gabriel admitted to the trooper that he had been driving the car. He also claimed that he had swerved to avoid hitting a deer, thus causing him to go into the ditch. Trooper Jones cited Mr. Gabriel for failure to control, in violation of R.C. 4511.202, a minor misdemeanor. Mr. Gabriel pleaded not guilty and the matter proceeded to bench trial.

{¶3}     At the close of evidence, the trial court overruled Mr. Gabriel's Crim. R. 29 motion for acquittal and found him guilty of violating R.C. 4511.202.  The trial court's analysis was as follows:

> First of all * * * the statute basically says if you're going to drive on the road, you have to * * * do it with reasonable control, period. * * *
>
> So, what's reasonable control?  * * * I suppose the officer came along and finds a car in the ditch.  Prima facie, [Mr. Gabriel] didn't intend to drive it in there, so * * * he didn't have control of it.
>
> The only evidence is got car stuck, deer came out, got stuck.  That's the testimony.
>
> So, I mean, I don't know if the allegation, which way the deer came out, was it standing, was it running, was it walking.  He has the whole road.  Evidently, he went from his side to the other—he went off the left side of the road, so he had the whole road to either drive around it or whatever to avoid a deer.  He can do that.
>
> So, I don't know if * * * he skidded or attempted to take evasive action or not.  I don't know.  There's no evidence to show it.  From the evidence, it looks like he just drove off the side of the road, okay? * * *
>
> As far as the bottom line is from the officer's testimony, I think [the State] made a prima facie case.  Even though [Trooper Jones] recited that [Mr. Gabriel] said, well, claimed a deer came, that's all I have.  I don't have * * * anything that would substantiate that that was reasonable for him to * * * put [his car] in the ditch to avoid it.
>
> So, from the evidence, I know he was down in there, he went off the left side of the roadway, put it into the ditch, went 70 feet along the ditch, 15 feet into the ditch, ended up somewhere down—further down the ditch, but, yeah, I don't have his side to explain anything differently, so in this case I'm going to make a finding of guilty.

The trial court fined Mr. Gabriel $25 plus court costs, and assessed two points against his driver's license.

{¶4}     Mr. Gabriel appealed, raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN OVERRULING [MR.] GABRIEL'S MOTION
FOR ACQUITTAL UNDER CRIMINAL RULE 29.

{¶5} In his first assignment of error, Mr. Gabriel argues that the trial court erred in denying his Crim.R. 29 motion for acquittal because the State presented insufficient evidence to support a guilty verdict for failure to control in violation of R.C. 4511.202.

{¶6} Pursuant to Crim.R. 29(A), a defendant is entitled to a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." "We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence." *State v. Archer*, 9th Dist. Summit No. 26848, 2014-Ohio-1207, ¶ 10, quoting *State v. Slevin*, 9th Dist. Summit No. 25956, 2012-Ohio-2043, ¶ 15. "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶7} R.C. 4511.202 provides that:

(A) No person shall operate a motor vehicle * * * on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle[.]

(B) Whoever violates this section is guilty of operating a motor vehicle * * * without being in control of it, a minor misdemeanor.

{¶8} Here, the State presented Trooper Daniel Jones as its only witness. Trooper Jones testified that he has been employed as a law enforcement officer with the Ohio State Highway Patrol for approximately seven-and-a-half years, and has experience in accident investigation. Trooper Jones further testified that on October 16, 2013, at approximately 3:53 a.m., he observed a vehicle in a ditch off of the left side of State Road with damage to its muffler. Trooper Jones turned his cruiser around to go back toward the vehicle and saw Mr. Gabriel walking in the roadway. In speaking with Mr. Gabriel, Trooper Jones learned that: (1) the entrance to Mr. Gabriel's driveway was approximately 80 feet north of where the vehicle landed in the ditch, (2) Mr. Gabriel claimed to have had two or three beers at his home after the vehicle had gone into the ditch, and (3) Mr. Gabriel said he "swerved to miss a deer," while driving at a speed of 35 miles per hour.

{¶9} Trooper Jones testified that he did not observe any evidence of evasive driving, such as brake marks or skid marks, but also stated that the roadway was wet which could explain the absence of these types of markings. He also testified that "[t]here was possibly some doubt" in his mind as to whether Mr. Gabriel actually swerved to avoid hitting a deer, although the surrounding area was wooded, and a deer could have been in the roadway. Finally, Trooper Jones explained that the vehicle traveled approximately 70 feet from the point where Mr. Gabriel went off the road, to the point where his vehicle made impact with the ditch.

{¶10} Mr. Gabriel did not present any witnesses on his own behalf.

{¶11} In viewing the evidence in a light most favorable to the State, we conclude that a reasonable trier of fact could have properly found that, pursuant to R.C. 4511.202, Mr. Gabriel failed to maintain reasonable control of his vehicle. The evidence shows that Mr. Gabriel drove left of the center line in his lane of traffic, crossed over into the oncoming lane of traffic, drove

off the left side of the road, and landed his vehicle in a ditch, all within approximately 80 feet of his own driveway. The trial court did not commit error in determining that Mr. Gabriel lacked reasonable control of his vehicle.

{¶12} Accordingly, Mr. Gabriel's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST MR. GABRIEL AND IN FAVOR OF THE STATE.

{¶13} In his second assignment of error, Mr. Gabriel argues that his conviction for failure to control was against the manifest weight of the evidence. Specifically, Mr. Gabriel argues that the trial court overstated the distance his vehicle traveled in the ditch, and that speed was somehow a factor in diminishing Mr. Gabriel's "defense of sudden emergency."

{¶14} When a defendant asserts that his conviction is against the manifest weight of the evidence:

> [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). In making this determination, this Court is mindful that "[e]valuating evidence and assessing credibility are primarily for the trier of fact." *State v. Shue*, 97 Ohio App.3d 459, 466 (9th Dist.1994), citing *Ostendorf-Morris Co. v. Slyman*, 6 Ohio App.3d 46, 47 (8th Dist.1982) and *Crull v. Maple Park Body Shop*, 36 Ohio App.3d 153, 154 (12th Dist.1987).

{¶15} As stated above, R.C. 4511.202 provides that no person shall operate a motor vehicle on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle. "Simply put, motor vehicle operators must keep their

vehicles under control and on their own side of the roadway." *State v. Davis,* 4th Dist. Pickaway No. 04CA1, 2004-Ohio-5680, ¶ 11, citing *State v. Lunsford*, 118 Ohio App.3d 380, 383 (12th Dist.1997); *see also Oechsle v. Hart*, 12 Ohio St.2d 29, 34 (1967).

{¶16} Here, Trooper Jones offered extensive testimony regarding the distance the vehicle traveled from the point it left the road, to the point of impact in the ditch. Further, the trial court received into evidence Trooper Jones' diagram from the scene of the accident. Additionally, when the trial court questioned Trooper Jones on this very point, the following exchange occurred:

* * *

THE COURT: You're saying from A to what, E, is the 70 feet or D the 70 feet?

[TROOPER JONES]: From A to C is roughly where he basically traveled about 70 feet.

THE COURT: Of A to C is 70 feet.

[TROOPER JONES]: Yes, sir.

* * *

As such, it is clear that the trial court understood that from point A, where the vehicle left the road, to point C, where the vehicle arrived in the ditch, the vehicle traveled 70 feet.

{¶17} Further, we find no merit in Mr. Gabriel's argument that the prosecutor's mere mention of him going a "significant" or "sufficient" speed, during closing arguments, in any way diminished his "sudden emergency defense." The trial court heard Trooper Jones testify that speed was not a factor and that Mr. Gabriel was not cited for speeding.

{¶18} Additionally, Mr. Gabriel did not put on a "sudden emergency defense" before the trial court, given that he did not present evidence after the State rested. The only testimony regarding Mr. Gabriel's explanation that he had swerved due to a deer in the roadway came from

Trooper Jones. While Trooper Jones acknowledged that the area near the location of the accident is wooded, and there could *possibly* be a deer in the roadway, there was absolutely no evidence of there *actually* being a deer in the roadway, thus causing Mr. Gabriel to swerve and drive into a ditch. *See Davis*, 2004-Ohio-5680, ¶ 15-16 (stating "[w]e agree with [Ms.] Davis that under Ohio law, a driver may, under circumstances, avoid a violation of a traffic statute that regulates the operation of motor vehicles if the motorist can show that something over which she had no control, or an emergency not of her own making, made it impossible to comply with the statute's requirements. For example, a driver proceeding lawfully in her lane of travel, suddenly struck by a motorist that ignored a stop sign, and as a result of the collision forced to veer or travel to the left of the center line should not be held to have violated the driving left of center statute. The problem with Ms. Davis's argument in the instant case, however, is that *the trial court was not persuaded that she proved the existence of a sudden emergency*." (Emphasis added.))

{¶19} Therefore, based upon the record before us, we cannot say that this is the exceptional case where the trial court clearly lost its way and, in doing so, created a manifest miscarriage of justice. *See Otten,* 33 Ohio App.3d at 340.

{¶20} Accordingly, Mr. Gabriel's second assignment of error is overruled.

III.

{¶21} In overruling Mr. Gabriel's two assignments of error, the judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JOHN Y. KIM, Attorney at Law, for Appellant.

PAGE C. SCHROCK, III, Attorney at Law, for Appellee.