[Cite as *State v. Warren*, 2016-Ohio-1355.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    15AP0004 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TED A. WARREN | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No.    2014 TR-D 006877 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2016

MOORE, Judge.

{¶1}   Defendant, Ted A. Warren, appeals from the judgment of the Wayne County Municipal Court.  We affirm.

I.

{¶2}   On August 23, 2014, Mr. Warren was driving his truck on West Liberty Street in Wooster, Ohio, when he struck a car that was sitting stationary at a stop sign on Oak Hill Road at the intersection of Oak Hill Road and West Liberty Street.  As a result of the accident, Mr. Warren was cited for failure to control in violation of Wooster Codified Ordinance ("Loc.Ord.") 331.34.  Mr. Warren pleaded not guilty at his arraignment, and thereafter filed a request for a bill of particulars.  The State responded by providing a copy of the traffic citation.

{¶3}   Thereafter, the case proceeded to a bench trial.  The trial court found Mr. Warren guilty and imposed sentence.  Mr. Warren timely appealed, and he now presents three

assignments of error for our review. We have consolidated the first and second assignments of error to facilitate our discussion.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DENIED [MR.] WARREN'S MOTION FOR A JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY NOT GRANTING [MR.] WARREN'S MOTION FOR A JUD[G]MENT OF ACQUITTAL AT THE CONCLUSION OF ALL THE EVIDENCE.

{¶4} In his first and second assignments of error, Mr. Warren argues that the trial court erred in failing to grant his motion for an acquittal at the close of the State's case, and at the conclusion of the evidence, respectively. We disagree.

{¶5} Mr. Warren moved for a judgment of acquittal on two grounds. First, he argued that the citation was defective because it did not give him notice of which subsection of Loc.Ord. 331.34 he was charged with violating. Second, he maintained that the evidence was insufficient to support a conviction under Loc.Ord. 331.34. We will separately address the arguments pertaining to the traffic citation and the sufficiency of the evidence.

Traffic Citation

{¶6} For purposes of our discussion, we will assume without deciding that Mr. Warren's argument pertaining to the traffic ticket could be raised through a motion for acquittal. In *Barberton v. O'Connor*, 17 Ohio St.3d 218, 221 (1985), the Ohio Supreme Court held that "a complaint prepared pursuant to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a

reasonable attempt to understand." In addition, the Court held that "[a] Uniform Traffic Ticket effectively charges an offense even if the defendant has to make some reasonable inquiry in order to know exactly what offense is charged. Such inquiry should be made before trial by filing a request for a bill of particulars." *Id.* at paragraph two of the syllabus.

{¶7} Here, Mr. Warren filed a request for a bill of particulars. In response, the State provided a copy of the citation. The citation states that Mr. Warren was charged with "failure to control" in violation of Loc.Ord. 331.34. Mr. Warren maintains that the ticket, and thus the response to his request for a bill of particulars, did not provide adequate notice of the nature of the charges because the subsection with which he was charged was not set forth on the ticket.

{¶8} Loc.Ord. 331.34 is titled: "FAILURE TO CONTROL; WEAVING; FULL TIME AND ATTENTION." Loc.Ord. 331.34 contains four subsections, the first three of which, labeled (a), (b), and (c), prohibit different conduct, as follows:

(a) No person shall operate a vehicle without exercising reasonable and ordinary control over such vehicle.

(b) No person shall operate a vehicle in a weaving or zigzag course unless such irregular course is necessary for safe operation or in compliance with the law.

(c) No person shall operate a vehicle without giving his full time and attention to the operation of such vehicle.

Accordingly, the title of Loc.Ord. 331.34 lists three offenses that directly correspond in order with the first three subsections of that section. The first violation listed in the title is "failure to control," the offense that was cited on Mr. Warren's ticket. Further, without reference to the title of the section, only one of these subsections discusses the exercise of "control" over a vehicle.

{¶9} We conclude that the ticket here, listing the section number of the ordinance and the title of the offense as "failure to control" advised Mr. Warren "of the offense with which he [wa]s charged, in a manner that can be readily understood by a person making a reasonable

attempt to understand." *O'Connor* at 221. Accordingly, to the extent that Mr. Warren argues otherwise in his first assignment of error, his first assignment of error is overruled.

Sufficiency of the Evidence

{¶10} In the remaining portion of his first assignment of error, and in his second assignment of error, Mr. Warren challenges the trial court's denial of his Crim.R. 29 motion based upon insufficient evidence.

{¶11} "We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence." *State v. Bulls*, 9th Dist. Summit No. 27029, 2015-Ohio-276, ¶ 6, quoting *State v. Frashuer*, 9th Dist. Summit No. 24769, 2010-Ohio-634, ¶ 33. The issue of whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production. *Id.* at 390, (Cook, J. concurring). In making this determination, an appellate court must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy." *Thompkins* at 386.

{¶12} As set forth above, Mr. Warren was charged with failure to control in violation of Local Ord. 331.34, which provides that "[n]o person shall operate a vehicle without exercising

reasonable and ordinary control over such vehicle." At trial, the State called Jason Miller, Heidi Beachy, and Officer Ryan Laskowski of the City of Wooster Police Department, as witnesses.

{¶13} Mr. Miller and Ms. Beachy testified that on August 23, 2014, Mr. Miller was driving them home from a baseball game on Oak Hill Road in Wooster, Ohio, when they stopped at a stop sign at an intersection. Mr. Miller waited at the stop sign for a truck to pass "and all of a sudden it swerved and just hit [Mr. Miller and Ms. Beachy]" on the driver side corner of their car. Mr. Miller identified Mr. Warren as the driver of the truck. Mr. Miller spoke with Mr. Warren after the accident, and Mr. Warren said that he did not know what happened. Mr. Miller and Ms. Beachy indicated that Mr. Warren appeared disoriented and had blood running down his face after the accident. On cross-examination, Mr. Miller indicated that Mr. Warren had told him that he did not know what happened, but Mr. Warren further had indicated that his brakes may have failed.

{¶14} Officer Laskowski testified that he responded to the accident, which was at the intersection of Oak Hill Road and West Liberty Street. Officer Laskowski spoke to Mr. Warren, who appeared to be disoriented. He had blood running down his face and a visible injury. Mr. Warren refused medical treatment, and said that he just wanted to go home. Officer Laskowski noted an odor of alcohol on Mr. Warren. The officer told Mr. Warren that he should receive medical attention, and asked him to sit on the curb. However, at one point, Mr. Warren got up from the curb while the officer was speaking with Mr. Miller and Ms. Beachy, and Mr. Warren got into his truck and moved his truck a short distance and stopped with no apparent mechanical problem. At that point, Officer Laskowski and another officer on the scene brought Mr. Warren out of his truck. On recross-examination, the officer specified that Mr. Warren moved his truck only a very short distance, between five and ten feet.

{¶15} Based upon the evidence presented, Mr. Warren argues the evidence established only that an accident happened, but did not establish that Mr. Warren failed to exercise reasonable care.

{¶16} However, as set forth above, Mr. Miller testified that, as he waited for Mr. Warren's truck to go by, "all of a sudden it swerved and just hit" the front driver's side of his stationary car. This evidence, along with that of Ms. Beachy and Officer Laskowski, when viewed in a light most favorable to the State, provides sufficient evidence from which a reasonable inference can be drawn that Mr. Warren failed to exercise reasonable control. *See State v. Gabriel*, 9th Dist. Medina No. 14CA0005-M, 2014-Ohio-5387, ¶ 11. Accordingly, the trial court did not err in denying Mr. Warren's Crim.R. 29 motion to this extent. Therefore, that portion of his first assignment of error where he has argued otherwise, together with his second assignment of error, are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT'S JUDGMENT OF CONVICTION WAS AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE.

{¶17} In his third assignment of error, Mr. Warren argues that his conviction was against the manifest weight of the evidence. We disagree.

{¶18} When a defendant asserts that his conviction is against the manifest weight of the evidence:

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶19} Here, Mr. Warren testified on his own behalf at trial. He maintained that, at about 11:30 p.m. on the night at issue, he was driving his 2000 GMC pick-up truck home from a friend's house. He was not aware of any mechanical problems with his vehicle. While driving on West Liberty Street, he was traveling at about 20 miles per hour and intended to make a right turn onto Oak Hill Road, and he identified the intersection on an aerial map, which was admitted into evidence. Mr. Warren maintained that he had made this turn many times before. However, on the night at issue, when Mr. Warren was negotiating the turn, he hit his brakes, and "they got real mushy and went to the floor[,]" at which point, Mr. Warren pumped his brakes, which did not work. He then attempted to "get out of the way" because he thought he was going to hit the car in which Mr. Miller and Ms. Beachy were located, head on. He maintained that there was a lot of gravel on the roadway, and there had recently been a drenching rain. Mr. Warren maintained that after the incident he got his brakes repaired. Mr. Warren had no recollection of moving his vehicle at the scene after the accident.

{¶20} However, as stated in our discussion of the sufficiency of the evidence above, Mr. Miller recalled that Mr. Warren was unsure of what had occurred after the accident, mentioning that it might have been his brakes. In addition, Mr. Miller stated that Mr. Warren "all of a sudden * * * swerved" as Mr. Miller was waiting for him to pass. Further, Officer Laskowski testified that Mr. Warren proceeded to drive his car a short distance without apparent mechanical issues at the scene. Although Mr. Warren maintained that the accident occurred as a result of brake failure, the trial court was free to believe all, part, or none of Mr. Warren's testimony. *See Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35, citing *State v. Jackson*, 86 Ohio App.3d 29, 33 (4th Dist.1993). The finder of fact is best able to judge the credibility of witnesses because the finder of fact is present to "view witnesses and observe their

demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Cook*, 9th Dist. Summit No. 21185, 2003-Ohio-727, ¶ 30, quoting *Giurbino v. Giurbino*, 89 Ohio App.3d 646, 659 (8th Dist.1993).

{¶21} After a review of the record, we cannot conclude that this is the extraordinary case where the trial court created a manifest miscarriage of justice in finding Mr. Warren guilty of failure to control. Accordingly, Mr. Warren's third assignment of error is overruled.

III.

{¶22} Mr. Warren's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.